ADCOCK ET AL., APPELLANTS, *v.* ROLLINS PROTECTIVE SERVICES COMPANY ET AL., APPELLEES.

(No. C-800198—Decided April 15, 1981.)

*Mr. Thomas W. Amann,* for appellants.

*Messrs. Nieman, Aug, Elder & Jacobs* and *Mr. John D. McClure,* for appellees.

BLACK, P.J. Plaintiffs-appellants, John Adcock and Mary Jane Adcock, seek reversal of the judgment against them in their action to recover temporary damages negligently caused by defendants-appellees, Rollins Protective Services Company and Paul Dedman, to plaintiffs' dwelling. The trial court directed a verdict for the defendants because, while the evidence included the cost of repairing the damage, the plaintiffs failed to present evidence of the diminution in the market value of their home proximately caused by the defendants. Plaintiffs assert that this was error and we agree.

Defendants conceded that their serviceman negligently burned several white vinyl floor tiles near the front door of the residence while inspecting a malfunction in the security system earlier installed by them. The only issue to be presented to the jury was the amount of damages. Plaintiffs claimed that the burn marks could not be removed, that identical replacements for the damaged tiles could not be found, and that the entire vinyl floor from the front entrance through the center of the residence and into the kitchen and a bathroom had to be replaced. Defendants agreed to stipulate the accuracy of plaintiffs' estimate for the cost of this total replacement, but they claimed that the injury could be corrected at a much reduced cost by taking replacement tiles from inconspicuous places (in closets or under appliances) and by putting in their place either the burned ones or non-matching new tiles.

At the close of plaintiffs' case and again at the close of all the evidence, defendants moved for a directed verdict on the grounds that plaintiffs had failed to prove the diminution in market value of the property. The trial court granted the motion and directed the verdict against the plaintiffs, relying on the general rule in Ohio that the measure of damages for injury to real property which can be restored "* * * is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before

and after the injury, in which case the difference in the market value before and after the injury becomes the measure." *Ohio Collieries Co.* v. *Cocke* (1923), 107 Ohio St. 238, paragraph five of the syllabus; *Klein* v. *Garrison* (1951), 91 Ohio App. 418 [49 O.O. 25].

The trial court erred. The general rule cannot be "* * * an arbitrary or exact formula to be applied in every case without regard to whether its application would compensate the injured party fully for losses which are the proximate result of the wrongdoer's conduct." *Thatcher* v. *Lane Construction Co.* (1970), 21 Ohio App. 2d 41, 48-49 [50 O.O.2d 95]. Accord, see *Paul* v. *First National Bank of Cincinnati* (1976), 52 Ohio Misc. 77, 89 [6 O.O.3d 207]; Restatement of the Law of Torts (1939), Section 929, Comment *b*.

The cardinal rule of the law of damages is that the injured party shall be fully compensated. *Brady* v. *Stafford* (1926), 115 Ohio St. 67, 79. A rule that requires proof of diminution of market value may not fairly and reasonably compensate a homeowner who has no immediate intention of selling his residence and wants to keep it for his own use and enjoyment. The testimony of the plaintiffs amply reflected their plan to use their home for the remainder of their lives in accordance with their personal tastes and wishes.

In an action for temporary damages to a building that the owner does not plan to sell but intends to use as his home in accordance with his personal tastes and wishes, when restoration is practical and reasonable, the owner is entitled to be compensated fairly and reasonably for his loss even though the market value of the building may not have been substantially decreased by the tort. The owner may recover as damages the fair cost of restoring his home to a reasonable approximation of its former condition, and his failure to prove the difference between the value of the whole property just before the damage was done and immediately

thereafter is not fatal to the owner's lawsuit. The diminution in overall value is relevant to the issue of damages, and evidence about such diminution, whether presented by the plaintiff or the defendant, may be taken into consideration in assessing the reasonableness of damages.

Finding merit in the plaintiffs' assignment of error, we reverse the judgment of the Hamilton County Municipal Court and remand this cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

KEEFE and KLUSMEIER, JJ., concur.