CRANFIELD, Appellee,

v.

LAUDERDALE, Appellant.

[Cite as *Cranfield v. Lauderdale* (1994), 94 Ohio App.3d 426.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65225.

Decided April 21, 1994.

*Charles Cranfield, pro se.*

*David B. Dawson,* for appellant.

———

JOHN V. CORRIGAN, Judge.

Defendant-appellant Constance Lauderdale ("tenant") appeals from a judgment of the Cleveland Municipal Court awarding damages to plaintiff-appellee Charles Cranfield ("landlord") in the sum of $922.21.

Tenant entered into a Section 8 federally subsidized Housing and Urban Development lease with a previous owner of the property located at 11609 Iowa Avenue, Cleveland, Ohio. Pursuant to the terms of the lease the tenant was to occupy the upstairs unit with her seven minor children from August 1990 until August 1991. The landlord purchased the property in January 1991 to use as a rental property for the production of income.

In March 1991, the landlord commenced a forcible entry and detainer action against the tenant. Subsequently, the issues of occupancy and unpaid rent were resolved by agreement of the parties, thereby allowing the tenant to retain possession. Following the vacation of the premises by the tenant in August 1991, the landlord filed an amended complaint in October 1991 seeking property damages totalling $1,152. The tenant filed an answer and counterclaim denying the allegations and seeking damages due to the landlord's failure to maintain the premises.

The case was heard by a referee. The landlord appeared *pro se* and testified on his own behalf. The tenant did not personally appear but was represented by counsel. The landlord testified that following the vacation of the unit by the tenant he had to make several repairs. The list of repairs enumerated by the landlord included replacement of the carpeting and floor tiles, replacement of one exterior and two interior doors, repair of seven holes in the walls, and painting. He produced receipts for those repairs totalling $1,152.76.

At the conclusion of the landlord's case, the tenant moved for dismissal on the grounds that the landlord failed to produce any evidence or testimony regarding the diminution in value of his income-producing rental property. The motion to dismiss was taken under advisement by the referee.

The referee subsequently issued his report and recommendation finding in favor of the landlord in the amount of $1,152.76 and against the tenant on her counterclaim. The tenant filed objections to the referee's report and, in response, the referee issued a supplemental report and recommendation. Therein, the referee indicated that the landlord established the requisite diminution in value by his unrebutted testimony and exhibits and further by the taking of judicial notice "of conformity to HUD inspection standards before issuance of Lease in August, 1990." Additionally, the referee reduced the previously recommended award by twenty percent due to depreciation. The tenant filed objections to the supplemental report contending that the referee failed to apply the proper measure of damages. The tenant also requested the opportunity to be heard, pursuant to Evid.R. 201(E), concerning the propriety of taking judicial notice.

The trial court overruled the objections and the instant appeal followed.

The first assignment of error provides:

"I. The trial court erred by failing to properly apply the rule to measure damages for temporary injury to real property."

■ Appellant argues that the trial court misapplied the general rule in Ohio regarding the measure of damages for injury to real property by awarding the cost of restoration. Specifically, it is argued that the landlord failed to present any evidence of the diminution in the fair market value of the rental property thus barring recovery. For the following reasons the argument has merit.

R.C. 5321.05(A)(6) is a codification of a tenant's duty not to commit waste. It provides:

"(A) A tenant who is a party to a rental agreement shall:

" * * *

"(6) Personally refrain, and forbid any other person who is on the premises with his permission, from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises[.]"

In *Ohio Collieries Co. v. Cocke* (1923), 107 Ohio St. 238, 140 N.E. 356, paragraph five of the syllabus, the Ohio Supreme Court set forth the general rule regarding the measure of damages for injury to real property where restoration is feasible:

" * * * If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure." See, also, *Klein v. Garrison* (1951), 91 Ohio App. 418, 49 O.O. 25, 108 N.E.2d 381; *Adcock v. Rollins Protective Services Co.* (1981), 1 Ohio App.3d 160, 1 OBR 471, 440 N.E.2d 548.

Following a comprehensive discussion of the development and current law regarding the measure of damages for injury to real property, the court in *Reeser v. Weaver Bros., Inc.* (1992), 78 Ohio App.3d 681, 691–692, 605 N.E.2d 1271, 1278, stated:

"We conclude that, as a general rule, a landowner whose real property has suffered a temporary injury is entitled to recover reasonable restoration costs, plus the reasonable value of the loss of use of the property between the injury and the restoration. However, recovery is circumscribed by the limitation that the recoverable restoration cost cannot exceed the difference between the pre-injury and post-injury fair market value of the real property. In other words, as to restoration costs, when restoration costs exceed the diminution in fair market

value, the diminution of fair market value becomes the measure of damages. Such recovery necessarily requires evidence of the pre-injury and post-injury market value of the injured real property. Moreover, the party seeking restoration costs bears the burden of establishing diminution in the property's fair market value. See *Klein v. Garison* (1951), 91 Ohio App. 418, 427, 430, 49 O.O. 25, 29, 31, 108 N.E.2d 381, 385, 387. Therefore, in order to recover reasonable restoration costs, Reeser was required to present evidence of the diminution in the fair market value of her property after the injury. Upon such proof, her recovery would nonetheless have been limited to an amount not in excess of the diminution in the property's fair market value."

█ Furthermore, it has been held that a trial court properly denies damages for temporary injury to a rental property where the landlord fails to present any evidence of the relative value of the property before or after the tenant's occupancy despite evidence of the cost of repairs. *Hague v. Saltsman* (May 10, 1989), Summit App. No. 13883, unreported, 1989 WL 50691.

In the instant case, the evidence presented by the landlord during the proceedings consisted solely of the cost of repairs or restoration. A thorough review of the record reveals there was no evidence presented on the difference in value of the property before and after the injury. Hence, the court below had no evidence before it from which it could make the required determination whether the cost of restoration or repair exceeded the difference in the market value of the property before and after the injury. Moreover, contrary to the referee's conclusions of law and fact contained in his supplemental report and recommendation, conformity with HUD inspection standards before issuance of the Section 8 lease does not establish nor is it indicative of diminution in value of the premises. While it may tend to establish that injury to the rental property has occurred during the tenancy, it does not establish the post-injury market value.

In view of the landlord's omission, he was not entitled to recover restoration or repair costs as he failed to establish the requisite diminution in market value. *Hague, supra; Reeser, supra.*

Accordingly, the first assignment of error is sustained.

Appellant's second assignment of error provides:

"II. The trial court erred by taking judicial notice of facts subject to reasonable dispute and by not providing an opportunity to be heard when timely requested."

As a result of our disposition of the first assignment of error, the second assignment of error is rendered moot. Thus, it will not be addressed pursuant to App.R. 12(A)(1)(c).

The judgment of the Cleveland Municipal Court is reversed and final judgment entered in favor of appellant Constance Lauderdale.

*Judgment reversed.*

DYKE, P.J., and PRYATEL, J., concur.

JOHN V. CORRIGAN and AUGUST PRYATEL, JJ., retired, of the Eighth Appellate District, sitting by assignment.