JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Robert D. Hart, appeals from the judgment of the Lakewood Municipal Court, which awarded the appellees interest on all monies deposited with the appellant and arbitrarily determined the dollar amount for damage done to the property. Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm in part, reverse in part and remand to the lower court for further proceedings consistent with this decision.
 {¶ 2} The parties to this action are before this court concerning the award for damages to a rental suite and interest assessed against Hart for deposits in excess of one month's rent. The appellees were Hart's tenants for approximately 21 months. In February 1998, the parties entered into a 12-month lease agreement whereby the appellees would take possession of the premises commencing on March 1, 1998. Pursuant to the lease agreement, the appellees paid Hart a total of $1575 constituting the first month's rent of $525, the last month's rent of $525, and a security deposit of $525. Specifically, the lease agreement stated:
 {¶ 3} "1. Rent. Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of Five Hundred Twenty-Five Dollars ($525.00) per month in advance on the 1st day of each calender month * * *. Plus, the last month's rent of $525.00."
 {¶ 4} The lease was to run from March 1, 1998 to February 28, 1999. At the conclusion of the lease term, the appellees became month-to-month tenants until December 1, 1999, the day on which the appellees moved out of Hart's unit. Hart retained $1050 as and for the last month's rent and security deposit for the period of approximately 21 months.
 {¶ 5} Due to damage to the unit in excess of the security deposit, Hart sought satisfaction through the small claims division of the lower court. It is from the determination of the lower court that he now appeals, presenting two assignments of error for this court's review.
 {¶ 6} The appellant's first assignment of error states:
 {¶ 7} "I. THE DECISION MISAPPLIES THE CRITERIA SET FORTH IN ORC 5321.01(E), AND ORC 5321.16(A) REGARDING RENT AND THE PAYMENT OF INTEREST ON RENT IN EXCESS OF THE SECURITY DEPOSIT."
 {¶ 8} The appellant's first assignment of error is without merit. He argues that the lease agreement specifically defined "security deposit" and "rent." As such, the lower court erred in determining that the amount paid as "last month's rent" was subject to the five percent interest assessment of ORC 5321.16(A) due on all prepayments of rent.
 {¶ 9} Specifically, R.C. 5321.16(A) states:
 {¶ 10} "(A) Any security deposit in excess of fifty dollars or one month's periodic rent, whichever is greater, shall bear interest on the excess at the rate of five percent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant."
 {¶ 11} The appellant contends that R.C. 5321.16(A) only applies to security deposits. Since the lease agreement specifically stated that the appellees would pay first month's rent, last month's rent and a security deposit prior to taking possession of the premises, the payment of the last month's rent cannot be construed to be a security deposit subject to interest pursuant to R.C. 5321.16(A).
 {¶ 12} R.C. 5321.01(E) defines a security deposit to mean "any deposit of money or property to secure performance by the tenant under a rental agreement." A careful reading of R.C. 5321.16(A) states: "Any security deposit in excess of fifty dollars or one month's periodic rent * * * shall bear interest at the rate of five percent per annum * * *." A security deposit is defined as "any deposit of money or property * * *." (Emphasis added.) The deposit in question was clearly in excess of one month's periodic rent; thus, the appellees' deposit can only be considered to be within the enumerated statute and subject to interest.
 {¶ 13} We find the decision in Yancey v. Haehn (Mar. 3, 2000), Geauga Cty. App. No. 99-6-2210, to be instructive since the facts mimic the case at hand. In Yancey, the appellee originally deposited $550 as security, paid the first month's rent, and paid the last month's rent when she moved into the apartment. Since the amount deposited represented in excess of one month's rent, the Yancey court concluded the appellee was entitled to the allowed statutory interest.
 {¶ 14} In the present matter, the appellant withheld $1050, which was characterized as a security deposit and last month's rent. Regardless of the labels, the appellant withheld double the amount of one month's rent. The mere fact that the lease characterized the deposit as something other than a security deposit is not sufficient to avoid the imposition of interest. To permit the appellant to characterize deposits in excess of one month's rent as something other than a security deposit would frustrate the intent of R.C. 5321.16(A) and allow the appellant to avoid the imposition of interest. Therefore, the appellees are entitled to $43.75 for interest on the amount held by the appellant over the amount of one month's rent. As such, the appellant's first assignment of error is not well taken.
 {¶ 15} The appellant's second assignment of error states:
 {¶ 16} "II. THE DECISION REGARDING COSTS OF REPAIR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} The appellant claims damages for repairs to the premises beyond normal wear and tear. Specifically, he contends that the lower court's allowance of only $100 for the removal of tiles in the kitchen, which the appellees had installed, was against the manifest weight of the evidence. As the lower court noted, a tenant has an obligation to restore the premises to its prior condition when vacating the premises. Further, a tenant may obtain permission to make changes during the tenancy; however, this does not relieve the tenant from making repairs or paying the costs for such repairs for the changes made.
 {¶ 18} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345. Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact.
 {¶ 19} In Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238,140 N.E. 356, the Ohio Supreme Court delineated the general rule in Ohio for measuring damages for temporary injury to real property as follows:
 {¶ 20} "If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure."
 {¶ 21} This law, however, need not be rigidly applied. In Adcockv. Rollins Protective Services Co. (1981), 1 Ohio App.3d 160,440 N.E.2d 548, the court noted that the cardinal rule of the law of damages is that the injured party shall be fully compensated. The court went on to hold that the failure to prove the difference between the value of the whole property just before the damage occurred and immediately thereafter is not fatal to an owner's lawsuit. In ArrowConcrete Co. v. Sheppard (1994), 96 Ohio App.3d 747 at 750,645 N.E.2d 1310, an owner was able to repair his property when a concrete truck backed into a partially constructed building. The appellate court, noting the general rule stated in Ohio Collieries,
articulated a less demanding standard when repair is possible:
 {¶ 22} "* * * Ohio courts have recognized that in cases such as this, in which the party has been able to repair injury to a building, the proper measure of damages will usually be the reasonable costs necessary to restore the structure. See, e.g. Platner v. Herwald (1984), 20 Ohio App.3d 341, 20 Ohio B. Rep. 445, 486 N.E.2d 202; Adcock v. Rollins Protective Serv. Co. (1981), 1 Ohio App.3d 160, 1 Ohio B. Rep. 471, 440 N.E.2d 548; Florea v. Nationwide Mut. Ins. Co. (Jan. 28, 1983), Montgomery App. No. 7908, 1983 WL 5030.
 {¶ 23} The Ohio Collieries case, supra, made an exception when the restoration cost is greater than the change in the property's market value. It is unreasonable to require proof of the change in market value in small claims court cases where the restoration cost is a very small figure in relation to the market value.
 {¶ 24} In Allstate Ins. Co. v. Reep (1982), 7 Ohio App.3d 90,454 N.E.2d 580, the Franklin County Court of Appeals held that while the usual measure of damages for a vehicle involved in an automobile accident is the difference between the fair market value of the vehicle before and after the accident, the cost of repairing the vehicle is an acceptable alternative method of measuring damages if the cost of repair does not exceed either the diminution in market value or the fair market value of the vehicle before the accident. Being flexible, this rule is preferable when the repair amount is small in proportion to the fair market value.
 {¶ 25} This court has followed this reasoning in damage awards stemming from small claims court. In Hines v. Somerville (Oct. 19, 1995), Cuyahoga App. No. 68040, the appellee argued that Cranfield v.Lauderdale (1994), 94 Ohio App.3d 426, 640 N.E.2d 1183, controlled the determination of damages to property. The appellee argued that the law for measuring damages required the landlord to provide expert testimony on pre-injury value and post-injury value. This court held that such rigorous standards did not apply to actions in small claims court in which the jurisdiction is limited and the cases involve dollar amounts of less than two-thousand dollars. R.C. 1925.02(A)(1).
 {¶ 26} This court went on to note in Hines that Ohio law has recognized that different rules need to be applied in small claims court. Evid.R. 101(C)(8) specifically states that the Ohio Rules of Evidence do not apply in the small claims division of a county or municipal court. Additionally, the Staff Notes for Evid.R. 101(C)(8) state:
 {¶ 27} "The subsection excludes small claims proceedings from the rules of evidence although such proceedings are ordinarily adversary in nature. The Evidence Rules Advisory Committee did recognize that ORC Ch. 1925, governing small claims divisions, does not actually by statute exclude proceedings from the formal rules of evidence although the chapter does provide for `conciliation procedures' in ORC 1925.03, and on many occasions referees as `a practical matter' ignore rules of evidence in order to resolve a dispute."
 {¶ 28} This court stated in Hines:
 {¶ 29} "It would be unreasonable to require landlords to produce evidence of the fair market value of their damaged rental property before they can be awarded compensation for the cost of repairs under two thousand dollars. If strict adherence to the general rule is followed in small claims court, landlords will be required to obtain appraisals even when damages are minimal. In small claims court, therefore, the test is whether sufficient evidence has been presented that would support the award of damages for injury to real property. The court's jurisdictional limit of $2,000 provides the necessary cap the Ohio Collieries case would impose by rigid formula." Id. at 8.
 {¶ 30} The case at hand was instituted in the small claims division of the lower court. The appellant presented sufficient evidence that the cost of removing and repairing the tiles on the kitchen wall was $275. The lower court's award of only $100 was not supported by any competent, credible evidence. Arrow Concrete Co. supra. The appellees admit that they installed the tile on the kitchen wall. The appellant presented a receipt outlining the cost to remove the tile and repaint the kitchen wall. The lower court's arbitrary conclusion was that $100 is sufficient to overcome the evidence presented by the appellant. There is no evidence that the $275 cost is excessive nor would it result in a windfall to the appellant. As such, the lower court's arbitrary award of only $100 is not supported by competent, credible evidence and is therefore overruled. As such, the appellant's second assignment of error is well taken.
 {¶ 31} Judgment affirmed in part, reversed in part, and remanded.
TERRENCE O'DONNELL, J., CONCURS.
 DIANE KARPINSKI, J., DISSENTS WITH SEPARATE DISSENTING OPINION.