OPINION
{¶ 1} This case has been placed on the court's accelerated calendar. It is submitted to this court on the record and the briefs of the parties. Appellant, Brian Curtis, d.b.a. Driftwood Acres ("Curtis"), appeals the judgment entered by the Ashtabula County Court, Western Area.
 {¶ 2} Curtis owns rental property in Ashtabula County, including a duplex located on North County Line Road. In August 2001, Vazquez entered into a residential lease for this property. The lease was a one-year lease. The terms of the lease were $650 per month.
 {¶ 3} Vazquez fell behind in her rent payments. On May 10, 2002, Curtis filed a complaint for "forcible detention, rent and damages." The first cause of action of the complaint sought to evict Vazquez from the premises. The second cause of action sought back rent.
 {¶ 4} On June 10, 2002, Vazquez filed her answer to Curtis' complaint. In addition, she filed a counterclaim, wherein she sought to recover the costs she paid for certain improvements to the property. Specifically, she asserted she should be reimbursed for the installation of two phone lines, for the purchase and installation of a new pigtail for her dryer, for installation of a washer, and for putting a hole in the wall for plumbing. According to the counterclaim, the cumulative value of these improvements was $225.
 {¶ 5} On June 25, 2002, Curtis dismissed the first cause of action, because the parties had reached a settlement on that issue. The case proceeded as to the second cause of action and the counterclaim.
 {¶ 6} On October 4, 2002, Curtis filed an amended complaint related to the second cause of action. Therein, Curtis alleged that Vazquez remained in the duplex after the August 4, 2002 termination date of the lease. He sought $650, for August rent; an additional $650, for September rent, as he could not re-rent the duplex due to damages to the property; $1,500 in unreasonable wear and tear; and $72.70 in miscellaneous utility expenses for August.
 {¶ 7} On October 22, 2002, Curtis filed his second amended complaint. In this pleading, Curtis sought $1,950 in rent (August 2002 and two months he was unable to re-rent the duplex), $3,623.60 for repairs to the premises, and the $72.70 for unpaid utilities.
 {¶ 8} A trial was held in December 2002, on Curtis' second cause of action and on Vazquez's counterclaim. Barry Curtis, Curtis' son and the manager of Driftwood Acres, testified on Curtis' behalf. Curtis submitted into evidence an invoice from contractors detailing the cost of repairing the apartment. Vazquez testified on her own behalf. These were the only witnesses.
 {¶ 9} The trial court ruled in favor of Curtis on Vazquez's counterclaim. The court found that the improvements made by Vazquez were not mentioned in the lease and, therefore, Curtis did not have a duty to reimburse Vazquez for these items. The trial court found in favor of Curtis, in the amount of $650, for the holdover tenancy, for the extra month Vazquez remained in the apartment. The trial court found in favor of Vazquez on the issue of damage to the property. The court ruled that Curtis failed to submit evidence of the pre-injury and post-injury market value of the property and, thus, had not submitted sufficient evidence to succeed on the damages claim.
 {¶ 10} Appellant raises the following assignments of error:
 {¶ 11} "[1.] The trial court improperly applied a holding from the 8th [District] Court of Appeals that has not been adopted by the 11th [District] Court of Appeals.
 {¶ 12} "[2.] The trial court applied the wrong measure of damages where the injured party has actually repaired a temporary injury to the building.
 {¶ 13} "[3.] It is unreasonable to require landlords to prove the change in market value to their damaged rental property in a county or municipal court where the restoration cost is a small figure in relation to the market value of the property.
 {¶ 14} "[4.] The trial court has improperly determined that Reeserv. Weaver Brothers[1] applies to landlords seeking to recover damages from tenants."
 {¶ 15} All of Curtis' assignments of error concern the same legal question, which is whether Curtis needed to submit evidence of the pre-injury and post-injury market value of the property. Therefore, we will address all of Curtis' assigned errors in a consolidated fashion.
 {¶ 16} The trial court based its decision on Cranfield v.Lauderdale; Ohio Collieries Co. v. Cocke; and Resser v. Weaver Brothers,Inc.[2] The following general rule regarding damages can be taken from these cases:
 {¶ 17} "`If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure.'"[3]
 {¶ 18} The Reeser case involved a large-scale chicken farming operation. Waste from the chicken operation ran off the property and into a lake, which was used for pay fishing, on an adjoining piece of property.[4] At trial, the plaintiff presented evidence regarding the cost of restoring the lake to its original condition. The court held that evidence of the pre-injury and post-injury market value was necessary to determine whether the restoration costs sought were reasonable.[5]
 {¶ 19} The Eighth District has extended the Reeser v. WeaverBrothers, Inc. holding to include a landlord-tenant situation.[6] InCranfield v. Lauderdale, the Cleveland Municipal Court awarded damages for restoration costs to a landlord in the amount of $933.31. Based on the Reeser holding, the Eighth District reversed, due to the landlord's failure to offer evidence of pre-injury and post-injury market value.[7]
 {¶ 20} Following the Cranfield v. Lauderdale decision, the Eighth District carved an exception for cases in small claims court.[8] The court reasoned that the jurisdictional limit of $2000 provided a sufficient safeguard against unreasonable restoration costs, and, thus, a landlord need not submit evidence of pre-injury and post-injury market value. Specifically, the court held, "[i]t would be unreasonable to require landlords to produce evidence of the fair market value of their damaged rental property before they can be awarded cost of repairs under two thousand dollars."[9]
 {¶ 21} Curtis contends that the trial court erred by applyingReeser to this case. Reeser is readily distinguishable from the case at bar. Reeser involved a commercial industry producing environmental waste.[10] The damages sought were restoration costs to a lake, which stood a legitimate probability of exceeding the diminution in market value of the property. In the case sub judice, Curtis sought to repair damage to the interior of a rental unit. The chance that the repair costs to the apartment significantly exceed the diminution in market value is slim. Curtis' fourth assignment of error has merit.
 {¶ 22} Curtis asserts that the trial court erred by applying the holding from Cranfield v. Lauderdale, because it is an Eighth District case that has not been adopted by this court. We agree.
 {¶ 23} This court has addressed a similar situation in Scheider v.1st Class Construction, where this court held that the "trial court did not err in awarding damages even though neither party offered any evidence as to the difference in market value."[11] Rather, this court held that the plaintiff's submission of evidence regarding restoration costs was sufficient.[12]
 {¶ 24} Another case from this court held that the failure of either party to present evidence was not fatal to plaintiff's recovery of damages for the cost of repairing the structure.[13] This court held "courts have moved away from a rigid `comparison of market values' test towards a test of `reasonableness.'"[14] This court then quoted the following passages from other appellate cases:
 {¶ 25} "`The general rule that the measure of damages for injury to real estate shall not exceed the difference in the market value of the entire tract immediately before and immediately after the injury is not an arbitrary or exact formula to be applied in every case without regard to whether its application would compensate the injured party fully for losses which are the proximate result of the wrongdoer's conduct.'"[15]
 {¶ 26} In addition, this court noted:
 {¶ 27} "`Ohio courts have recognized that in cases such as this, in which the party has been able to repair injury to a building, the proper measure of damages will usually be the reasonable costs necessary to restore the structure.'"[16]
 {¶ 28} Requiring, as a rule, a landlord to submit evidence regarding the pre-injury and post-injury market value of a rental property is impractical. In many cases, landlords are seeking to repair the apartment in order to re-rent the unit. It is unreasonable to require them, as a concrete rule, to expend the financial resources to submit expert testimony regarding the pre-injury and post-injury market value of the property. In some cases, this cost may even exceed the cost to repair the damage!
 {¶ 29} This holding does not detract from the general rule set forth in Ohio Collieries Co., that a property owner is only entitled to the lesser of the cost of repair and the difference in market value. However, the defendant may produce evidence of the difference in market value. In addition, the defendant may move the court to require the plaintiff to produce such evidence. Then, at the trial court's discretion, the plaintiff may be required to produce evidence regarding pre-injury and post-injury market value.
 {¶ 30} In a case such as this, the defendant has the opportunity, through cross-examination, to question the reasonableness of the plaintiff's expenditures for repair. Finally, if the trier of fact believes the evidence regarding the cost of repair has been inflated, the trier of fact always has the discretion to adjust the damages accordingly.
 {¶ 31} The trial court erred by rigidly applying the holding fromCranfield v. Lauderdale and ruling that Curtis was not entitled to damages due to the failure to submit evidence regarding a difference in market value. Curtis's first, second, and third assignments of error have merit.
 {¶ 32} Finally, Curtis contends that the small claims exception toCranfield v. Lauderdale, set forth in Hines v. Somerville, be extended to county and municipal courts. In Hines, the Eight District held "Cranfield, however, was brought as a forcible entry and detainer action against the tenant in housing court. [Hines] was brought in small claims court for damages and lost rent after the tenant had vacated the premises. These are different types of actions in different courts."[17]
We respectfully disagree. Both actions, as well as the case sub judice, involved a landlord seeking to recover relatively minimal restoration costs as a result of damage caused by a tenant. The same law should apply to both situations.
 {¶ 33} While we agree with Curtis that the "small claims exception" should apply to all courts, we do not agree with the underlying holding in Cranfield v. Lauderdale and, therefore, do not see the need to extend any exceptions to the case.
 {¶ 34} The judgment of the trial court is reversed. This matter is remanded to the trial court, in order for the court to recalculate damages.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Reeser v. Weaver Brothers, Inc. (1992), 78 Ohio App.3d 681.
[2] See Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238;Cranfield v. Lauderdale (1994), 94 Ohio App.3d 426; and Reeser,
supra.
[3] Reeser v. Weaver Brothers, Inc., 78 Ohio App.3d at 686, quotingOhio Collieries Co. v. Cocke (1923), 107 Ohio St. 238, paragraph five of the syllabus.
[4] Reeser v. Weaver Brothers, Inc., 78 Ohio App.3d at 684-685.
[5] Id. at 689.
[6] See Cranfield v. Lauderdale, 94 Ohio App.3d 426.
[7] Id. at 429-430.
[8] Hines v. Somerville (Oct. 19, 1995), 8th Dist. No. 68040, 1995 Ohio App. LEXIS 4583.
[9] Id. at *8.
[10] Reeser v. Weaver Brothers, Inc., supra.
[11] Scheider v. 1st Class Construction, Inc., 11th Dist. No. 2001-G-2380, 2002-Ohio-3368, at ¶ 15.
[12] Id.
[13] Martin v. Miller (Mar. 23, 2001), 11th Dist. No. 2000-T-0027, 2001 WL 285835.
[14] Id. at *2.
[15] Id., quoting Thatcher v. Lane Constr. Co. (1970), 21 Ohio App.2d 41,48-49.
[16] Id., quoting Arrow Concrete Co. v. Sheppard (1994),96 Ohio App.3d 747, 750.
[17] Hines v. Somerville, at *6-7.