OPINION
{¶ 1} Appellant, Rose Hill, appeals the April 19, 2005 judgment entry of the Niles Municipal Court, which adopted the proposed findings of fact and conclusions of law of appellee, DRX Corporation by Richard Hale.
 {¶ 2} As an initial matter, we note that appellee failed to file a brief, therefore, pursuant to App.R. 18(C), we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action.
 {¶ 3} Appellee filed a forcible entry and detention complaint for non-payment of rent against appellant on March 15, 2004. Appellee alleged in a second cause of action that appellant owed $1,655 for rent during the period of January 1, 2004 to March 1, 2004, plus any property damages discovered upon entry. On March 29, 2004, appellant answered the second cause of action, denying all of the allegations.
 {¶ 4} On April 1, 2004, the municipal court entered an order of eviction against appellant and issued a writ of restitution, ordering appellant to vacate the premises by midnight on April 11, 2004. The municipal court continued the second cause of action for damages.
 {¶ 5} On July 13, 2004, appellant filed a motion for leave to file a counterclaim against appellee, alleging that appellee never returned her security deposit or provided her with an itemized deduction of repair costs. The court immediately granted the motion for leave and appellant filed the counterclaim the same day.
 {¶ 6} Besides appellant's brief, which states that a bench trial took place on September 30, 2004, it is not clear from the record when the bench trial was held. It is not recorded on the docket or in the trial court's judgment entry. The judgment entry, awarding $2,610.44 to appellee, is dated December 17, 2004, and only states: "[j]udgment for [appellee] and against [appellant] in the amount of $2,610.44 plus interest and costs. [Appellant's] counterclaim is dismissed."
 {¶ 7} On December 23, 2004, appellant filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. On January 12, 2005, the municipal court judge ordered appellee and appellant to submit their proposed findings of fact and conclusions of law on or before January 31, 2005. Appellant filed her proposed findings and conclusions on January 26, 2005. Despite appellee not following the court's order to submit proposed findings by January 31, 2005, filing them on February 25, 2005, the municipal court still adopted appellee's version on April 19, 2005. It is from this judgment that appellant appeals, raising the following two assignments of error:
 {¶ 8} "[1.] The trial court erred in awarding `repairs' damages to [appellee].
 {¶ 9} "[2.] The trial court erred in awarding `back rent' damages to [appellee] in the sum of $1,850.00."
 {¶ 10} First, we note that the hearing on September 24, 2004 was not recorded. Thus, appellant filed a "statement of the evidence or proceedings" with the trial court, purporting it to be pursuant to App.R. 9(C). Appellee then filed an amended "statement of evidence or proceedings[,]" contrary to appellant's version, also claiming that it was pursuant to App.R. 9(C).[1] Pursuant to appellant's motion requesting the trial court to settle the record on appeal, and pursuant to App.R. 9(E), the trial court settled and approved the statement of the evidence and proceedings on June 17, 2005. The trial court admitted "[a]ll of the parties' exhibits * * * except the Valentine's Day card * * *." The trial court then stated that it based its judgment in appellee's favor, in the sum of $2,610.44, on appellee's "[e]xhibits 2 (`late invoice') and 3 (`repairs made to 206 Emmet St.')[.]" The trial court indicated that it made no allowance for late charges, a rental increase from $525 to $555 that appellant never agreed to, or a $120 charge for removal of trash.
 {¶ 11} In her first assignment of error, appellant presents two issues for review. The first issue presented is that "[a] landlord may not recover restoration or repair costs from a tenant absent evidence of the difference in the value of the property before and after the injury." In support of this proposition, appellant cites one case, Cranfield v. Lauderdale
(1994), 94 Ohio App.3d 426. However, in Curtis v. Vazquez, 11th Dist. No. 2003-A-0027, 2003-Ohio-6224, at ¶ 22, this court explicitly rejected the holding in Cranfield. In Curtis, at ¶ 28-30, we stated:
 {¶ 12} "[r]equiring, as a rule, a landlord to submit evidence regarding the pre-injury and post-injury market value of a rental property is impractical. In many cases, landlords are seeking to repair the apartment in order to re-rent the unit. It is unreasonable to require them, as a concrete rule, to expend the financial resources to submit expert testimony regarding the pre-injury and post-injury market value of the property. In some cases, this cost may even exceed the cost to repair the damage!
 {¶ 13} "This holding does not detract from the general rule set forth in Ohio Collieries Co. [v. Cocke (1923),107 Ohio St. 238], that a property owner is only entitled to the lesser of the cost of repair and the difference in market value. However, the defendant may produce evidence of the difference in market value. In addition, the defendant may move the court to require the plaintiff to produce such evidence. Then, at the trial court's discretion, the plaintiff may be required to produce evidence regarding pre-injury and post-injury market value.
 {¶ 14} "In a case such as this, the defendant has the opportunity, through cross-examination, to question the reasonableness of the plaintiff's expenditures for repair. Finally, if the trier of fact believes the evidence regarding the cost of repair has been inflated, the trier of fact always has the discretion to adjust the damages accordingly."
 {¶ 15} As such, appellant's first issue is without merit.
 {¶ 16} Appellant's second issue presented is: "[i]n a landlord's action against his tenant for `repairs' damages on termination of the tenancy, a `beyond normal wear and tear' finding will be reversed, as against the manifest weight of the evidence, where the evidence clearly depicts only normal wear and tear." Appellant is essentially arguing that the judgment is against the manifest weight of the evidence.
 {¶ 17} In Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 226, the Supreme Court of Ohio stated:
 {¶ 18} "* * * judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279 * * *, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77
* * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203
* * *." (Parallel citations omitted.)
 {¶ 19} After reviewing the record on appeal, we cannot say that the trial court did not base its judgment on some competent, credible evidence that the damage to the apartment was "beyond normal wear and tear." Appellant argues that the "record evidence clearly depicts only `normal wear and tear' deterioration * * *." (Emphasis sic.) We disagree.
 {¶ 20} There were several pictures which were admitted into evidence. However, no where on the record is it clear what the pictures represent. The pictures are in envelopes that are marked thirty-seven and thirty-eight. The docket indicates that thirty-seven and thirty-eight are "[u]nmarked [p]ictures." There are six sets of pictures in envelope thirty-seven that are stapled together and marked as defendant's exhibits "B" through "G". One set of pictures in this envelope is not identified. In envelope thirty-eight, there are five pictures, all identified as P-2. However, without a record of the transcript, or a statement of the evidence indicating what these pictures represent, it is impossible for us to determine their meaning. The statement of the evidence does not say anything about the pictures, except that they were admitted. Thus, we are bound by the trial court's conclusions of law and its findings of fact that the damage was "beyond normal wear and tear." Appellant's second issue is without merit.
 {¶ 21} As such, appellant's first assignment of error is not well-taken.
 {¶ 22} In her second assignment, appellant presents one issue for review: "[i]n determining an award of `back rent' damages to a landlord, the tenant must be given set-off credit for all rents paid for and during her tenancy."
 {¶ 23} Appellant does not cite to any authority in her second assignment of error as required by App.R. 16(A)(7). However, we will address this assignment based upon the evidence in the record on appeal.
 {¶ 24} The same standard of review set forth by the Ohio Supreme Court in Gerijo, supra, applies to this argument as well. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 25} Appellant argues that the trial court should not have awarded appellee $1,850 in rental arrears. However, according to the trial court's findings of fact and conclusions of law, it only awarded appellee $1,445 in back rent. The remaining amount, $1,165, was for property damages. However, appellant argues that the back rent award should have only been $900 because the trial court did not apply partial payments of rent that she made to the balance. We agree that the trial court made an error in calculating the award, but not for the reasons argued by appellant. We base our decision solely on the trial court's settled statement of the evidence and its judgment.
 {¶ 26} The trial court indicated in its settlement and approval of the statement of evidence that it based its judgment of $2,610.44 on appellee's exhibits two and three, with no allowance for late charges, the rental increase, or $120 for trash removal. After reviewing these documents, taking into consideration the trial court's account of how it arrived at its final award, we conclude that the trial court did make a mathematical mistake in appellee's favor and against appellant in the amount of $240.
 {¶ 27} Looking only at appellee's two exhibits that the trial court indicated it relied on, appellee's exhibits two, "late invoice," and three, "repairs," the total amount due to appellee was $2,850.44. According to the invoice, appellee had already taken into account appellant's $525 security deposit and applied it toward the balance.[2] Subtracting the amounts which the trial court stated that it did not make allowances for, late charges (eight at $30 equals $240), monthly rent increases (four at $30 equals $120), and $120 for trash removal, leaves a total amount due of $2,370.44. However, in its findings of fact and conclusions of law, the trial court ordered appellant to pay a total of $2,610.44, which is a difference of $240.[3] This difference is the exact amount as the late charges. Thus, it appears that the trial court either forgot to subtract the late charges or simply made a mathematical error. The trial court's judgment against appellant should be $2,370.44, not $2,610.44. As such, appellant's second assignment of error has merit.
 {¶ 28} Therefore, the judgment of the Municipal Court of Niles is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
O'Neill, J., Rice, J., concur.
[1] Based on the nature of the pleadings, we interpret appellant's and appellee's "statement of the evidence" to actually be a "statement as the record on appeal" pursuant to App.R. 9(D).
[2] R.C. 5321.16(B) provides that, "[u]pon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered * * *."
[3] According to the trial court's December 17, 2004 judgment, it awarded appellee $2,610.44. However, according to the findings of fact and conclusions of law, which was put forth by appellee and adopted by the trial court on April 19, 2005, the trial court ordered appellant to pay $2,610, not $2,610.44. Finally, in its settlement of the record on appeal, it again referred to $2,610.44. We will use the $2,610.44, since it is the number referred to by the trial court in its judgment and in its statement of the evidence on appeal.