OPINION *Page 2 
{¶ 1} On February 26, 2007, appellees, John and Melinda Fronsman, filed a complaint against Jeff Tester and appellants, Anthony and Dawn Risaliti, claiming trespass, R.C. 901.51 violations, and conversion for removing vegetation from their property without permission. On April 10, 2007, appellants received an extension to file their answer by May 10, 2007. On May 8, 2007, appellants received a second extension until May 23, 2007. On May 22, 2007, appellants received a third extension until June 18, 2007. Appellants filed their answer on June 20, 2007.
 {¶ 2} On June 26, 2007, appellees filed a motion to strike appellants' answer for being untimely filed. By order filed July 24, 2007, the trial court granted the motion.
 {¶ 3} On July 26, 2007, appellees filed a motion for default judgment. By judgment entry filed August 22, 2007, the trial court granted the motion. A damages hearing before a magistrate was held on October 12, 2007. By order filed November 30, 2007, the magistrate awarded appellees as against appellants and Mr. Tester $30,195.20 ($18,995.20 in treble damages minus the original compensatory damage amount of $9,497.60 plus $10,000.00 in punitive damages plus $1,200.00 in surveying fees). Anthony Risaliti was liable for 80% ($24,156.16) and Dawn Risaliti and Jeff Tester were each liable for 10% ($3,019.52). Appellants filed objections. By judgment entry filed January 3, 2008, the trial court overruled the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 5} "THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR BY STRIKING APPELLANTS' ANSWER AND GRANTING APPELLEES' MOTION FOR DEFAULT JUDGMENT."
 II {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE APPELLANTS' OBJECTIONS TO THE MAGISTRATE'S DECISION AND ADOPTING THE DECISION OF THE MAGISTRATE."
 I {¶ 7} Appellants claim the trial court erred in striking their answer and granting default judgment to appellees. We disagree.
 {¶ 8} The timetable of events is uncontested. Appellants were granted numerous extensions to file their answer. The last extension on May 22, 2007 set the time for filing an answer on June 18, 2007. Appellants filed their answer on June 20, 2007.
 {¶ 9} Appellants argue Civ. R. 5 applies in this case, specifically, subsection (B) which states "[s]ervice by mail is complete upon mailing" and subsection (D) which states "[a]ll papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service." Appellants also argue the three day mail rule under Civ. R. 6(E) allows the late filing. We disagree. A plain reading of Civ. R. 5, pertaining to service and filing of pleadings and other papers, refers to all papers filed after the original complaint. Civ. R. 6(E), titled "Time: additional time after service by mail," specifically excludes responses to service of summons: *Page 4 
 {¶ 10} "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4 through Rule 4.6."
 {¶ 11} Because Civ. R. 6(E) does not apply to responses to service of summons, appellants' answer was not timely filed. A request to file an answer instanter was not made. Appellees filed their motion for default judgment on July 26, 2007.
 {¶ 12} In Miller v. Lint (1980), 62 Ohio St.2d 209, the Supreme Court of Ohio reviewed the issue of filing an untimely answer and held the following at 214-215:
 {¶ 13} "While this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ. R. 6(B), is not unlimited, and under the circumstances existing on April 14, 1977, some showing of `excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits.
 {¶ 14} "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Page 5 
 {¶ 15} Upon review, we find the trial court did not err in striking appellants' answer and granting default judgment to appellees.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellants claim the trial court erred in overruling their objections to the magistrate's decision and adopting the decision.
 {¶ 18} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 19} Appellants objected to paragraphs 9-24 of the magistrate's decision. Essentially, appellants argue there was insufficient evidence presented to support the decision. Appellants argue the trial court erred in accepting the testimony of appellees and their witnesses as more credible than the testimony of their expert, Ken Christensen.
 {¶ 20} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881. Clearly the decision to accept the opinion of David Oleksa relative to the valuation on damages to the landscaping versus that of Ken Christensen was within the discretion of the trier of fact. *Page 6 
 {¶ 21} Mr. Oleksa testified his estimate ($13,781.23 plus tax) was an attempt to restore some 5,200 square feet of property back to what it was prior to the removal of the vegetation and trees, as opposed to Mr. Christensen's proposal to plant small seedlings. T. at 59, 62-63, 66. Appellants' second evaluator, Andrew Scott, presented a more conservative estimate ($8,960.00). T. at 79, 83. Mr. Christensen presented a valuation of $2,130.00. T. at 124. The difference in the experts' opinions as to restoration was divergent ($13,781.23 versus $2,130.00). Mr. Christensen admitted using his method would take some time to replace. T. at 134.
 {¶ 22} We find the trial court's decision on credibility and the choice between the two divergent methods of replacement was not against the sufficiency of the evidence.
 {¶ 23} Appellants also argue there was insufficient evidence to justify recklessness and punitive damages. In Charles v.Cardington-Lincoln Local School Dist. (August 19, 1996), Morrow App. No. 821, this court noted the following:
 {¶ 24} "In Marchetti v. Kalish (1990), 53 Ohio St.3d 95, the Ohio Supreme Court adopted the definition of `reckless' found in 2 Restatement of the Law 2d, Torts (1965) 587, Section 500 as follows:
 {¶ 25} "`The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" *Page 7 
 {¶ 26} When ordering punitive damages, the trier of fact is to make a "reasoned determination * * * of an amount that fairly punishes the tortfeasor for his malicious or malevolent acts and that will deter others from similar conduct." Digital Analog Design Corp. v. NorthSupply Co. (1992), 63 Ohio St.3d 657, 660, rejected on other grounds byZoppo v. Homestead Ins. Co. (1994), 71 OS3 552.
 {¶ 27} Mrs. Fronsman described the aftermath of appellants' actions. There was debris mounded up, trees cut down, the entire surface of the land was denuded, and ruts and holes were dug. T. at 17-18. The landscape prior to the cutting included a thick multiberry rose type bush and some trees that created a thick, green visual barrier. T. at 19-20. The barrier obstructed an unsightly trailer, a business, and a muddy area. T. at 20.
 {¶ 28} Mrs. Fronsman testified she had personally called appellants in the summer prior to the removal of the vegetation and trees and requested that they not cut down any of the trees on her property. T. at 24-25. She explained although appellants' tenant, Mr. Tester, did the actual cutting, appellants provided him with a bobcat. T. at 26-27.
 {¶ 29} Given the unchallenged allegations of the complaint, we find the trial court's decision as to recklessness and punitive damages was supported by the evidence.
 {¶ 30} Lastly, appellants argue the trial court employed an incorrect measure of damages. Appellants argue the proper valuation of damages was the diminution of the property's value as a result of the cutting. The trial court used restoration costs for the measure of damages. *Page 8 
 {¶ 31} The trial court adopted the reasoning in Denoyer v. Lamb
(1984), 22 Ohio App.3d 136, 138-139, wherein the Court of Appeals from Hamilton County applied the 4 Restatement of the Law 2d, Torts, Section 929, as follows:
 {¶ 32} "We hold that in an action for compensatory damages for cutting, destroying and damaging trees and other growth, and for related damage to the land, when the owner intends to use the property for a residence or for recreation or for both, according to his personal tastes and wishes, the owner is not limited to the diminution in value (difference in value of the whole property before and after the damage) or to the stumpage or other commercial value of the timber. He may recover as damages the costs of reasonable restoration of his property to its preexisting condition or to a condition as close as reasonably feasible, without requiring grossly disproportionate expenditures and with allowance for the natural processes of regeneration within a reasonable period of time. Heninger v. Dunn (1980), 101 Cal.App.3d 858,162 Cal.Rptr. 104; Thatcher v. Lane Constr. Co. (1970),21 Ohio App.2d 41, 254 N.E.2d 703 [50 O.O.2d 95]. See, also, Adcock v. RollinsProtective Services Co. (1981), 1 Ohio App.3d 160, 440 N.E.2d 548.
 {¶ 33} "We find persuasive the rule laid down in 4 Restatement of the Law 2d, Torts (1979), Section 929. [Footnote 3] As applicable to this case, this rule is that damages include compensation either for the diminution in value of the land as a whole, or at the owner's option, `the cost of restoration that * * * may be reasonably incurred.'
 {¶ 34} "[Footnote 3] 4 Restatement of the Law 2d, Torts (1979), Section 929, reads in full:
 {¶ 35} "§ 929. Harm to Land from Past Invasions *Page 9 
 {¶ 36} "(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
 {¶ 37} "(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,
 {¶ 38} "(b) the loss of use of the land, and
 {¶ 39} "(c) discomfort and annoyance to him as an occupant.
 {¶ 40} "(2) If a thing attached to the land but severable from it is damaged, he may at his election recover the loss in value to the thing instead of the damage to the land as a whole."
 {¶ 41} We find the logic of the Denoyer opinion to be controlling sub judice. Appellees' property is residential, and the damaged vegetation and trees were used as a sight barrier to a commercial property. We find the trial court's determination was not contrary to law. However, included in the damages awarded to appellees was the cost of surveying the property in pursuit of the complaint ($1,200.00). We find this amount not to be recoverable. Therefore, the judgment is reduced by $1,200.00.
 {¶ 42} Assignment of Error II is granted in part. *Page 10 
 {¶ 43} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part, and judgment entered.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. Consistent with the opinion, judgment is entered reducing the award to appellees by $1,200.00. Costs to appellants. *Page 1