OPINION
{¶ 1} In the instant appeal, submitted on the record and the briefs of the parties, appellant, Millik Insulating Company ("Millik"), appeals the judgment of the Warren Municipal Court, awarding judgment in favor of appellee, Michael Lepo, in the amount of $2,200.00 for damage sustained to his home. We affirm the judgment of the court below.
 {¶ 2} The following facts are not in dispute. *Page 2 
 {¶ 3} In 2003, Lepo qualified for a home weatherization program catering to low-income residents through the Trumbull County Action Program ("TCAP"). Under the program, Millik was contracted by TCAP to perform weatherization work on local qualifying residences, such as Lepo's. The weatherization work, as contemplated by the contract in question, consisted of blowing insulation material into the walls from the interior of the house. In some instances, however, like the one herein, Millik was unable to complete the installation through the interior walls, and had to do so by removing some of the exterior siding and blowing in the insulation from the outside.
 {¶ 4} The exterior of Lepo's house was sided with concrete shingles mixed with asbestos. In completing the project, Millik's employees damaged a number of these exterior shingles.
 {¶ 5} On November 26, 2003, Lepo filed a breach of contract complaint against Millik, alleging that the work performed by Millik "was not done in a workmanlike manner and below the standard of acceptance as set forth under the agreement with TCAP."
 {¶ 6} The case proceeded to a hearing before the magistrate on January 19, 2005, and continued on March 18, 2005. Millik appeared at the hearing pro se. At the hearing, Lepo testified that asbestos shingles, such as the ones used in construction of his house, were extremely difficult to obtain and very expensive. As a measure of his damages, Lepo provided an estimate from Toth Construction in the sum of $4,875.00, which represented the cost of installing vinyl siding on the entire home to cover the damaged asbestos shingles.
 {¶ 7} On March 22, 2005, the magistrate issued his decision, finding that Lepo was an intended third-party beneficiary of the contract between TCAP and Millik, and that while Millik had performed the insulating work properly, it had failed to perform the *Page 3 
work on the removal and reinstallation of the siding in a workmanlike manner, as required by the contract. As a result, the magistrate found Millik liable under the contract.
 {¶ 8} However, with regard to the issue of damages, the magistrate found as follows:
 {¶ 9} "The purpose of compensatory damages is to compensate the injured party for the cost of [his] injuries. The cardinal and fundamental rule of the law of damages is that the injured party shall have compensation for the injury sustained. Damages should be awarded so as to compensate the one injured without doing injustice to others. In no case shall the injured party be placed in a better position than that party would have been had not the wrong been done. 30 O Jur 3dDamages, Section 10 (2003).
 {¶ 10} "In cases involving the injury to a building, the measure of damages is the difference between the reasonable value of the property immediately before the damage and the reasonable value of the property immediately thereafter. It is proper under these circumstances to take into account depreciation and obsolescence of the property.
 {¶ 11} "In the instant action, we have a very old home that had shingles for siding. The cost to replace even the few that were damaged, assuming they could be found, would be expensive.
 {¶ 12} "Plaintiff has provided an estimate to completely reside the house, which would also be expensive. Taking into account the condition of the premises, I find the proper amount should be $2,200.00," and the magistrate awarded damages to Lepo in that amount. *Page 4 
 {¶ 13} Millik did not timely appeal the magistrate's findings of fact and conclusions of law.[1] However, on April 8, 2005, Millik filed a "Suggestion for the Record," arguing the magistrate's decision violated certain legal principles; in particular, the requirement that damages be established with "reasonable certainty."
 {¶ 14} Lepo filed a memorandum in opposition to Millik's "Suggestion for the Record" on April 15, 2005.
 {¶ 15} On June 28, 2005, the trial court, following an independent review of the record, affirmed the magistrate's decision, with respect to his findings on the issue of liability. However, the court ordered that the matter be reset for hearing before the trial judge on the issue of damages.
 {¶ 16} A hearing was held on the issue of damages on January 25, 2006. During the course of this hearing, Millik's counsel moved for an involuntary dismissal of the suit, alleging that Lepo provided no evidence of his actual damages. The trial court denied this motion. Following the hearing, the trial court adopted the magistrate's earlier damage determination, and awarded Lepo the amount of $2,200.00 from the date of judgment, plus costs.[2]
 {¶ 17} It is from this judgment that Millik timely appealed, assigning the following as error: *Page 5 
 {¶ 18} "The trial court erred in denying Appellant's Civil Rule 41(B)(2) motion for involuntary dismissal by adopting and affirming the magistrate's decision."
 {¶ 19} In its sole assignment of error, Millik argues that it was entitled to dismissal under Civ. R. 41(B)(2), since there was "simply a failure of proof on the `damages' issue."
 {¶ 20} "Civ. R. 41(B)(2) provides that, `in an action tried by the court without a jury, * * * the defendant * * * may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.' A court of appeals `may set aside the trial court's decision only if it is erroneous as a matter of law or against the manifest weight of the evidence.'" D.A.N. Joint Venture III, L.P. v.Armstrong, 11th Dist. No. 2006-L-089, 2007-Ohio-898, at ¶ 36 (citation omitted). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80
(citation omitted). In determining whether the judgment of the lower court is manifestly against the weight of the evidence, "every reasonable intendment and every reasonable presumption must be made in favor of the judgment and finding of facts." Id. at n. 3. However, as Millik correctly notes, "a finding of insufficient evidence can form the basis of a dismissal under Civ. R. 41(B)(2)." Ohio Edison Co. v.Ford (May 21, 1993), 11th Dist. No. 92-P-0052, 1993 Ohio App. LEXIS 2645, at *11.
 {¶ 21} In the instant case, Millik does not challenge the trial court's determination of liability; rather, Millik argues that Lepo failed to produce competent, credible evidence through which the trial court could apply the correct measure of damages. *Page 6 
 {¶ 22} Millik cites to Horrisberger v. Mohlmaster (1995),102 Ohio App.3d 494, for the proposition that the proper measure of damages "for restoration of their property" required Lepo to "present proof of restoration costs and proof of the diminution of the fair market value of the property." Id. at 500, citing Reeser v. Weaver Bros. Inc. (1992),78 Ohio App.3d 681, 692.
 {¶ 23} Millik argues that since Lepo failed to provide competent proof of either of these elements, Lepo's claim for damages should have been dismissed. We disagree
 {¶ 24} Lepo counters that the proper measure of damages in this case is governed by Stackhouse v. Logangate Property Mgt.,172 Ohio App.3d 65, 2007-Ohio-3171, which held that "[w]here restoration is impracticable, the measure of damages is the difference between the reasonable fair market value before and after the damage." Id. at ¶ 55, citing Northwestern Ohio Natural Gas Co. v. First Congregational Churchof Toledo (1933) 126 Ohio St. 140, 150.
 {¶ 25} The difference between these two standards was explained by the Second District in Reeser as follows: "Ohio Colleries Co. v. Cocke
(1923), 107 Ohio St. 238, * * * paragraph five of the syllabus, established the * * * general rule of recovery when restoration costs are sought:
 {¶ 26} `If restoration can be made, the measure of damages is thereasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference inthe market value of the property as a whole before and after theinjury, in which case, the difference in the market value before and after the injury becomes the measure.'" Id. at 686 (emphasis added). *Page 7 
 {¶ 27} However, the Reeser court noted that "This rule, whichlimits the recovery of restoration costs to the diminution in marketvalue, does not appear to be * * * an immutable rule applicable to every case involving an injury to real property. After deciding OhioColleries, the Supreme Court departed from the `diminution in market value rule' to permit as damages restoration costs which might exceedthe difference in market value." Id. at 687, citing Northwestern OhioNatural Gas Co., 126 Ohio St. at 150-152 (emphasis added).
 {¶ 28} With regard to the relationship between the two tests, theReeser court stated: "[a]lthough Northwestern * * * did not refer toOhio Colleries, there is not internal inconsistency between the two cases. The holding in Northwestern * * *, which involved damaged property without market value, was simply an acknowledgment that application of the general rule of Ohio Colleries would not result in adequate compensation in all situations." Id. at 688. Accordingly, theReeser court held that while "reasonable costs of restoration may exceed the difference between the before and after [market] value of the [property] * * * this differential remains the touchstone of the reasonableness determination." Id. at 689 (citation omitted). "Such recovery necessarily requires evidence of the pre-injury and post-injury market value of the injured real property." Id. at 692.
 {¶ 29} In affirming the magistrate's award of $2,200 to Lepo, the trial court considered the testimony and letter submitted by appraiser Donald Fatobene. In Fatobene's letter, he estimated "the value of the land and building in `as is' condition" at $56,000.00, while the "value of the land and building with exterior siding in good condition" was $61,000, a decrease in market value of $5,000. Fatobene, on cross-examination testified that by "good condition," he meant "either vinyl or aluminum * * * or *Page 8 
replace to its original condition." As evidence of costs of repair, Lepo submitted a quote from Toth Construction for the installation of vinyl siding in the amount of $4,385.00. Although the replacement with vinyl siding would go beyond "restoration" of the house to its original condition, the cost to do so, based upon the evidence presented, wouldnot exceed the undisputed evidence presented regarding the diminution of the house's market value. Thus, regardless of which test we would apply, the amount cited would not be "unreasonable."
 {¶ 30} That said, since there was undisputed evidence adduced fromboth parties that the replacement of asbestos siding was both difficult and expensive, based upon the nature of the materials and the labor and expertise required to work with and install it, the trial court, in adopting the magistrate's decision attempted to account for this difficulty, without placing Lepo in a better position than he was before his house was damaged. As this court has noted, "[i]f the trier of fact believes the evidence regarding the cost of repair has been inflated, the trier of fact always has the discretion to adjust the damages accordingly." Curtis v. Vazquez, 11th Dist. No. 2003-A-0027,2003-Ohio-6224, at ¶ 30.
 {¶ 31} Based upon the foregoing, there was competent, credible evidence to support the court's decision. Millik's sole assignment of error is without merit.
 {¶ 32} The judgment of the Warren Municipal Court is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] Pursuant to Ohio Civ. R. 53(D)(3)(b)(iv), "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * *, unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." D.A.N. Joint Venture III,L.P. v. Armstrong, 11th Dist. No. 2006-L-089, 2007-Ohio-898, at ¶ 21(citations omitted). However, "[w]here the magistrate's decision fails to include the language required by Civ. R. 53(D)(3)(a)(iii)," i.e. indicate conspicuously on the decision "that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * *, unless the party timely and specifically objects * * *," a party may assign "as error on appeal the lower court's adoption of factual findings or legal conclusions." Id at ¶ 22. (citation omitted). Since this required language was not included in the magistrate's decision, the matter is properly before this court on review.
[2] The trial court stayed the execution of its judgment pending the outcome of this appeal. *Page 1