[Cite as *Clark v. Clark*, 2012-Ohio-3249.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97294

## MARCIA L. CLARK

PLAINTIFF-APPELLANT

vs.

## JACK A. CLARK

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-334815

**BEFORE:** Stewart, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**ATTORNEY FOR APPELLANT**

Sam Thomas, III
Rockefeller Building
614 W. Superior Avenue
No. 1100-1106
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Victoria Nagy Smith
Victoria Nagy Smith Co., LPA
1236 Smith Court
Rocky River, OH    44116

Kimberly K. Yoder
Kimberly K. Yoder Co., LPA
20325 Center Ridge Road, Suite 512
Rocky River, Ohio    44116

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Marcia L. Clark and defendant-appellee Jack A. Clark were divorced in a proceeding in which they contested just one issue: whether Marcia should pay spousal support to Jack. Following trial, the court ordered Marcia to pay Jack spousal support of $1,000 per month for 24 months. Marcia claims this order was an abuse of the court's discretion and against the manifest weight of the evidence because Jack made essentially no financial contribution to the marriage and was so abusive during the marriage that he did not merit spousal support.

{¶2} Prior to trial, the parties settled all their issues apart from spousal support. The court allotted one hour of time for the parties to argue their respective positions on that issue. Following trial, the court used a form entry to issue judgment. That judgment referenced R.C. 3105.18(C)(1), with the court stating that it considered factors (a), (b), (h), (k), (l), and (n) in awarding spousal support. Those factors were the income of the parties; their relative earning abilities; the relative extent of the parties' education; the time and expense necessary for Jack, the party seeking spousal support, to acquire education or training to qualify for appropriate employment; the tax consequences of an award of spousal support; and "any other factor that the court expressly finds to be relevant and equitable," although the court did not state what that factor might be.

{¶3} We review the court's decision for both the award and amount of spousal support under an abuse of discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). However, the record on appeal does not contain evidence of any kind, much less that which would document the earning capabilities of the parties or their conduct during the marriage. Although the court stated that it heard the "testimony" on the contested spousal support issue, no court reporter was present to record the trial, nor were the proceedings recorded for later transcription.

{¶4} "[I]t is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams* 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988). "App.R. 9(B) * * * makes clear that a transcript of all evidence relevant to challenged findings or conclusions is necessary when the appellant contends: (1) they are contrary to the weight of the evidence, or (2) they are unsupported by the evidence." *Tyrrell v. Invest. Assoc., Inc.*, 16 Ohio App.3d 47, 49, 474 N.E.2d 621 (8th Dist.1984).

{¶5} When a transcript from a trial is necessary for appeal but unavailable, the appellant must utilize App.R. 9(C) and prepare a statement of the evidence for the court's settlement and approval. Marcia did not do so. The arguments on appeal refer to statements made in Marcia's trial brief, but statements contained in a trial brief do not constitute evidence. *Inger Interiors v. Peralta*, 30 Ohio App.3d 94, 96, 506 N.E.2d 1199

(8th Dist.1986); *State v. Mathia*, 11th Dist. No. 92-P-0035, 1992 WL 366891 (Dec. 11, 1992).

{¶6} With the record on appeal containing no evidence of any kind, we cannot review the court's judgment to determine whether that judgment was an abuse of discretion. We have no choice but to presume the regularity of the court's judgment and overrule Marcia's assignments of error. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶7} The dissent argues that the court accepted Marcia's proposed findings of fact and that these findings of fact form the record on appeal. This conclusion misapprehends the nature of a court's factual findings. Under Civ.R. 52, the purpose of findings of fact and conclusions of law is "'to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'" *In re Adoption of Gibson*, 23 Ohio St.3d 170, 172, 492 N.E.2d 146, 147 (1986), quoting *Werden v. Crawford*, 70 Ohio St.2d 122, 124, 435 N.E.2d 424, 426 (1982). All findings of fact are subject to review based on the weight of the evidence, regardless of whether made by a jury or the court sitting as the trier of fact. *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 638 N.E.2d 533 (1994); *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273 (1984). It is an oxymoron to say that "findings of fact" can constitute a "record" for purposes of appeal — the only way to review those factual findings is by examining the record of evidence and testimony before the court. If there

is no record of evidence presented to the court, we have no choice but presume the regularity of the court's findings of fact.

{¶8} Even if we could somehow construe the court's findings of fact as constituting the "record" on appeal, the court made it plain that it was accepting Marcia's proposed findings of fact only to the extent they were not "inconsistent" with the court's order. (Arguably, the court should have required Jack to submit findings for the court to adopt.) The court's order that Marcia pay spousal support was at odds with nearly all of her proposed findings of fact. For example, when submitting her proposed findings of fact, Marcia conceded that she testified at trial that she earned overtime pay on her job, but was claiming post-trial that she "no longer receives overtime as was her testimony during trial of this matter" as a basis for arguing against any award of spousal support to Jack. In her pretrial statement, Marcia claimed to earn $79,000 per year, including overtime pay. Both parties agreed that Jack earned only $12,274 per year. In her proposed findings of fact and conclusions of law, Marcia argued that a recent loss of overtime dropped her income to $60,000, a fact that she conceded was contrary to her trial testimony.

{¶9} As we have noted, pretrial statements are not evidence — we cite them only to underscore the futility of reviewing claimed errors regarding factual disputes when no transcript or statement of the evidence is available. Marcia's post-trial claimed income was significantly at odds with her trial and pretrial claimed income. And to the extent that the court ordered Marcia to pay Jack spousal support, it must have rejected her claims

of his idleness, personal abuse, and drinking because those allegations would have been inconsistent with the court's judgment.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;

KENNETH A. ROCCO, J., DISSENTS WITH
SEPARATE OPINION

KENNETH A. ROCCO, J., DISSENTING:

**{¶11}** I respectfully dissent from the majority's decision to presume the regularity of the court's judgment and overrule Marcia's assignments of error based on "the record on appeal containing no evidence of any kind." The court specifically adopted Marcia's proposed findings of fact and conclusions of law unless they were "internally

inconsistent" with the court's order. These adopted findings and conclusions form the "record" for review of this appeal.

{¶12} The majority acknowledges "[s]ome of Marcia's proposed findings of fact were inconsistent with the court's order." The majority, however, fails to note only one of nine relevant proposed findings and conclusions were consistent with the court's order.

{¶13} The trial court's findings of fact and conclusions of law included:

1) "Throughout the parties' six (6) year marriage, the Defendant made no contributions to the marriage, excessively drank alcohol, was verbally cruel, and at times there were physical altercations between Plaintiff and Defendant."

2) "During the eighteen (18) months the Defendant resided in Iowa, there was no financial assistance and/or communications made by either party to the other."

3) "Defendant frequently advised Plaintiff that 'his money is his money and he will do whatever he wants to do with it.'" He also told Marcia he spent all of his money on alcohol. While Jack acted remorseful for not using his income to pay the household expenses, he immediately resorted to the same careless acts depicted prior to his display of regret.

4) Jack damaged Marcia's vehicle while at work, but refused to pay for the damages.

5) Jack drove a car loaned to him by a friend, and Marcia paid at least $1,500 for repairs to the car. Jack did not re-pay Marcia for the repairs.     6) "Trial court may use its discretion and consider factors such as reckless spending during the marriage and

drug and alcohol addiction to minimize the amount of spousal support to award." (Citations omitted.)

7) "Per the Defendant's testimony he didn't do anything to mitigate his losses, he sits around being bored looking stir crazy, staring at the four walls, and collecting his unemployment. Defendant didn't take the initiative to improve his quality of life."

8) "Plaintiff has no disposable income to pay any spousal support to the Defendant. Plaintiff is in the negative in the amount of $154.01 per month [as shown by wife's pretrial statement and affidavit of property]."

9) "The duration of spousal support should be reduced by a year and a half from six years to four and a half years for the eighteen (18) months the parties did not cohabitate with each other."

{¶14} The goal of spousal support is to reach an equitable result. *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988). "And while there is no set mathematical formula to reach this goal, the Ohio Supreme Court requires the trial court to consider all 14 factors of R.C. 3105.18(C)[, when originally granting spousal support,] and 'not base its determination upon any one of those factors taken in isolation.'" *Dunagan v. Dunagan*, 8th Dist. No. 93678, 2010-Ohio-5232, ¶ 15, citing *Kaechele*. A trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must provide a sufficient basis to support its award. *Kapadia v. Kapadia*, 8th Dist. No. 94456, 2011-Ohio-2255, ¶ 87, citing *Abram v. Abram*, 9th Dist. No. 3233-M, 2002-Ohio-78.

{¶15} The trial court's award of spousal support is almost entirely inconsistent with its facts and conclusions.  The facts point to a different conclusion, but the court failed to explain why it awarded the support despite the fact findings.  In other words, there is no basis for the trial court's conclusion Jack is entitled to spousal support of $1,000 per month for 24 months given such facts.  Jack entered the marriage as a minimum wage worker, and he did little, if anything, to contribute to the social and financial well-being of the marriage.  Under these circumstances, he should leave the marriage without spousal support unless it is clear, and not speculative, the court rejected all or most of the findings of fact 1 through 8.

{¶16} I agree with the majority that the purpose of findings of fact is "to aid the appellate court in reviewing and determining the validity of the basis for the trial court's judgment."  Citation omitted.  Findings of fact 1 through 8 do not aid our review; instead they confound it.  Thus, I would, therefore, reverse the award and remand the matter to the trial court for either an explanation, based on the "findings of fact and conclusions," for the award to Jack of $1,000 per month for 24 months, or a recalculation of the award if the court determines Jack remains entitled to any spousal support. *Kapadia*; *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).