[Cite as *Di Fiore v. Booker*, 2022-Ohio-2586.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JEFF DI FIORE, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 111094 |
| SHERITA Q. BOOKER, ET AL., | : | |
| Defendants-Appellees. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 28, 2022

Civil Appeal from the Cleveland Municipal Court
Housing Court Division
Case No. 2019 CVG-009185

### *Appearances:*

Jeff Di Fiore, *pro se.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Jeff Di Fiore appeals, in part, the trial court's decision adopting a magistrate's decision following a bench trial upon Di Fiore's claims for damages stemming from Sherita Q. Booker's breach of a lease agreement. For the following reasons, we affirm.

{¶ 2} In *Di Fiore v. Booker*, 8th Dist. Cuyahoga No. 108946, 2020-Ohio-3188, a panel from this district affirmed Booker's eviction and relinquishment of possession of the residential property through the forcible entry and detainer action. At the time of that appeal, the action on damages arising from the breached lease agreement remained pending. *Id.* at ¶ 1, fn.1.

{¶ 3} Following the remand, an ex parte bench trial occurred after Booker failed to appear for the noticed proceeding. Before that trial, in a trial statement required by the magistrate, Di Fiore presented his intended evidence of his damages, in which he sought actual damages totaling $11,684.21, punitive damages in the amount of $15,000, and $10,000 in sanctions for the filing of a frivolous action. After consideration of the trial evidence, the magistrate issued a decision granting Di Fiore his requested actual damages, less $5,800 he sought to replace vinyl flooring he claimed was damaged through unnecessary wear and tear, and declining to award the remaining $25,000 sought for sanctions and punitive damages. According to the magistrate's decision, Di Fiore failed to present evidence supporting those three particular aspects of Di Fiore's damages. Along with releasing the $3,950 that Booker had deposited in escrow for rent owed to Di Fiore, the magistrate granted judgment in Di Fiore's favor in an additional amount of $6,197.21 plus costs and statutory interest.

{¶ 4} The trial court adopted the magistrate's decision on the same day it was filed under the procedure set forth in Civ.R. 53(D)(4)(e)(i), which provides that the court may enter a judgment adopting the magistrate's decision during the 14

days permitted by for the filing of objections, and if that occurs, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Under that rule, the failure to file objections within the trailing 14-day period results in a final decision being rendered and effective. *In re D.F., III*, 10th Dist. Franklin Nos. 18AP-811 and 18AP-813, 2019-Ohio-3710, ¶ 9. If no objections are timely filed under this circumstance, the trial court loses jurisdiction to consider belated objections. *Id.*

{¶ 5} Di Fiore nonetheless belatedly objected to the magistrate's decision claiming that he did not receive the magistrate's decision through mail service. Recognizing the jurisdictional issues, Di Fiore filed a motion for relief from the final judgment under Civ.R. 60(B) and in that motion, he also requested leave to file his objections. The trial court granted Di Fiore's motion in part, granting leave to file the belated objections under Civ.R. 53(D)(5) but remained silent on the motion for relief from final judgment. Civ.R. 53(D)(5) provides that "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision." The housing court considered the merits of the objections but did not vacate the final entry adopting the magistrate's decision.

{¶ 6} Once the court adopted the magistrate's decision and no timely objections were filed, the housing court lost jurisdiction to invoke Civ.R. 53(D)(5) to consider the belated objections. *See In re S.S.*, 12th Dist. Brown No. CA2021-03-

003, 2021-Ohio-2148, ¶ 22, citing *Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 6-7, and *Losekamp v. Losekamp*, 12th Dist. Butler No. CA2013-11-213, 2014-Ohio-4422, ¶ 19-20. The only mechanism to consider the objections was through Civ.R. 60(B), but Di Fiore does not assign any error with respect to that aspect of the underlying proceedings and the housing court did not vacate the final entry adopting the magistrate's decision. App.R. 16(A)(7).

{¶ 7} Nevertheless, even if we considered the housing court's decision reviewing the objections on the merits rather than through the procedural lens, Di Fiore claims that the magistrate's refusal to award the $5,800 needed to replace the damaged flooring was in error based on the trial evidence but did not include a transcript of the trial proceedings or an affidavit setting forth the factual basis of his damages as required under Civ.R. 53(D)(3)(b)(iii). Under Civ.R. 53(D)(3)(b)(iii), when objecting to factual findings in a magistrate's decision, "whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), [the objection] shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶ 8} In his objection to the magistrate's decision, Di Fiore relied on the evidence attached to his trial statement, in which Di Fiore produced a copy of a contractor's quote to replace the flooring along with pictures of the damaged flooring in the rental unit, to demonstrate that the magistrate's conclusion based on the trial evidence was in error. The trial court concluded that the trial statement was

not evidence that could be considered upon the objections to the magistrate's decision. This conclusion is in harmony with Ohio law.

{¶ 9} Generally, an appellate court applies an abuse-of-discretion standard when reviewing a trial court's adoption of a magistrate's decision; however, questions of law are reviewed de novo. *4030 W. Broad, Inc. v. Neal*, 10th Dist. Franklin No. 20AP-31, 2021-Ohio-3685, ¶ 22, citing *Mtge. Bank Corp. v. WWIO, Ltd.*, 10th Dist. Franklin No. 16AP-44, 2016-Ohio-7069, ¶ 12. Trial statements filed in advance of trial are not of evidentiary value to be relied on for the purposes of objecting to a magistrate's decision. *See Clark v. Clark*, 8th Dist. Cuyahoga No. 97294, 2012-Ohio-3249, ¶ 5, citing *Inger Interiors v. Peralta*, 30 Ohio App.3d 94, 96, 506 N.E.2d 1199 (8th Dist.1986), and *State v. Mathia*, 11th Dist. Portage No. 92-P-0035, 1992 Ohio App. LEXIS 6217 (Dec. 11, 1992); *MacDonald v. MacDonald*, 8th Dist. Cuyahoga No. 96099, 2011-Ohio-5389, ¶ 38; *Thomarios v. Hardy Invest. Assocs.*, 9th Dist. Summit No. 28396, 2017-Ohio-7597, ¶ 22, fn. 1, citing *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, W.D.Penn. No. 02-2116, 2006 U.S. Dist. LEXIS 1327 (Jan. 13, 2006), and *Kent's Excavating Servs., Inc. v. Leneghan*, 2017-Ohio-1371, 89 N.E.3d 79, ¶ 23 (8th Dist.).

{¶ 10} The trial court's conclusion that Di Fiore failed to properly support his objections to the magistrate's factual conclusion is not in error. Without a transcript or affidavit, the trial court was unable to review the factual foundation of the magistrate's decision to determine whether Di Fiore had in fact presented

evidence supporting the replacement cost of the damaged vinyl flooring at the trial. Civ.R. 53(D)(3)(b)(iii).

{¶ 11} Nevertheless, we recognize that in the trial statement, Di Fiore included copies of a quote he received from a contractor to replace the damaged flooring totaling $5,800 for materials and installation, along with pictures depicting the damaged flooring in need of replacement.

{¶ 12} Even if we assume that Di Fiore presented the same evidence during trial, which we do solely for the sake of the discussion, Di Fiore provided no evidence regarding the actual value of the damaged flooring at the time of eviction based on the expected useful life or depreciated value of the flooring. *Ohio Edison Co. v. Soule*, 6th Dist. Sandusky No. S-17-052, 2018-Ohio-4624, ¶ 46. On this point, Di Fiore stated in the trial statement that the flooring had been installed five years before the eviction and he expected the flooring to have lasted longer. Di Fiore did not provide evidence of how much longer the flooring should have lasted, nor any other indication upon which the value of the flooring as it existed at the time of the eviction could be determined.

{¶ 13} The appropriate measure of damages for breach of contract is the amount necessary to compensate the party for the actual loss incurred. *Britton v. Connally Roofing & Remodeling*, 8th Dist. Cuyahoga No. 73011, 1998 Ohio App. LEXIS 6115, 5 (Dec. 17, 1998), citing *Thatcher v. Lane Constr. Co.*, 21 Ohio App.2d 41, 44, 254 N.E.2d 703 (10th Dist.1970). "The central principle is that the aggrieved party should be fully compensated for all losses resulting from the breach, but

should not be placed in a better position than if the breach had not occurred." As a result, when a party seeks damages to personal property, it "is proper under these circumstances to take into account depreciation and obsolescence of the property" in considering the appropriate award of damages. *Lepo v. Millik Insulating Co.*, 11th Dist. Trumbull No. 2007-T-0118, 2008-Ohio-3510, ¶ 10.

{¶ 14} In this type of situation, Di Fiore is not entitled to the entire replacement cost of the flooring as an appropriate measure of damages. He is only entitled to the useful life expectancy lost as a result of the accelerated wear and tear caused by Booker; in other words, the value of the property at the time it was damaged. For example, if the installed flooring was expected to last ten years, or depreciated as an asset of the rental property on a ten-year basis, but only lasted five because of Booker's conduct, Di Fiore would be entitled to half the $5,800 cost to replace the flooring. *See id.* Di Fiore received the benefit of the flooring for the five-year period before the need for replacement arose and, therefore, cannot recover the cost to replace the flooring representing value during that time frame. Otherwise, Di Fiore would be placed in a better position based on the breach.

{¶ 15} Because Di Fiore failed to produce evidence tending to demonstrate the actual value of the damaged flooring at the time of the eviction, the trial court could not award any of the damages he requested to replace the flooring as a matter of law. An award of damages must be shown with a reasonable degree of certainty and cannot be based on speculation, conjecture, or surmise. *Elias v. Gammel*, 8th Dist. Cuyahoga No. 83365, 2004-Ohio-3464, ¶ 25, citing *Persky, Shapiro, Salim,*

*Esper, Arnoff & Nolfi Co., L.P.A. v. Guyuron*, 8th Dist. Cuyahoga No. 77249, 2000 Ohio App. LEXIS 5884 (Dec. 14, 2000). Any determination as to the value of the damaged flooring would be left to speculation even if we could consider the trial statement as evidence.

{¶ 16} We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court, housing court division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR