OPINION
{¶ 1} This case is an accelerated appeal in which defendant-appellant, Kennedy J. Hyde, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting the registration in Ohio of a child support order from the state of New York. As discussed below, however, appellant's appeal must be dismissed for the reason that this court lacks jurisdiction to hear the appeal due to appellant's failure to timely file a notice of appeal within 30 days of the perfection of service under Civ. R. 58(B) and App. R. 4. Bond v. *Page 2 Canal Winchester, Franklin App. No. 07AP-556, 2008-Ohio-945.
 {¶ 2} On September 18, 2007, the Butler County Court of Common Pleas, Domestic Relations Division, issued the order from which appellant appeals. The same day, the trial clerk journalized and mailed the decision and final appealable order, along with an entry vacating the hearing and an entry for case assignment termination, to appellant's New York address. However, the court's docket history indicates that the clerk did not note the service by mail in the journal until September 25, 2007. The journal entry on this date states, "[certificate of mailing: As of 09/18/07." 34 days later, on October 29, 2007, appellant filed a notice of appeal with the Butler County Court of Common Pleas, Domestic Relations Division.
 {¶ 3} Under App. R. 4, "[t]he thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ. R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ. R. 58(B)." Whitehall exrel. Fennessy v. Bambi Motel, Inc. (1998), 131 Ohio App.3d 734, 741. This court has previously held that after journalizing the judgment, the clerk must perform two distinct tasks in order to complete or perfect service under Civ. R. 58(B). First Natl. Bank of S.W. Ohio v.Doellman, Butler App. No. CA2004-06-134, 2005-Ohio-679. First, the clerk must serve notice of the judgment entry upon "all parties not in default for failure to appear" by any means acceptable under Civ. R. 5(B), which includes service by ordinary mail. Id. at ¶ 28; Civ. R. 58(B). Second, the clerk must make a notation of the service in the appearance docket. Id. at ¶ 28; Civ. R. 58(B). If a clerk fails to comply with either requirement of Civ. R. 58(B) within three days of journalizing the judgment, the 30-day time limit to file a notice of appeal does not begin until the clerk perfects service. In re Anderson,92 Ohio St.3d 63, 67, 2001-Ohio-131; App. R. 4.
 {¶ 4} Absent evidence to contradict the validity of docket entries, courts generally *Page 3 
accept them as true records of the proceedings. See Winters v. Doe
(Sept. 10, 1998), Cuyahoga App. No. 74384, 1998 WL 598786 at *2. Because the record currently lacks any contradictory evidence, this court presumes that the Butler County Clerk of Courts journalized the judgment entry on the same day that it was issued, on September 18, 2007. This court will also defer to the docket notation stating that the clerk used ordinary mail to serve appellant with notice of the judgment on September 18, 2007, thus completing the first requirement of service under Civ. R. 58(B). After properly serving the parties pursuant to Civ. R. 5(B) on September 18, 2007, the clerk then had until Friday, September 21, 2007 to complete the second requirement of service by noting service in the docket.
 {¶ 5} Because this is a civil matter, the clerk's failure to comply with both service requirements on or before September 21, 2007 would effectively toll the time for filing an appeal until service was perfected. App. R. 4. The Butler County court docket indicates that the clerk did not make a notation of service until September 25, 2007. Thus, App. R. 4 afforded appellant 30 days from September 25, 2007, the date service was perfected, to file a notice of appeal. Appellant filed his appeal on October 29, 2007, 34 days after service was perfected.
 {¶ 6} The 30-day filing requirement under App. R. 4 is "mandatory and jurisdictional," and cannot be enlarged pursuant to App. R. 14(B). Therefore, appellant's notice of appeal was not timely filed. Ross v.Harden (1982), 8 Ohio App.3d 34. A failure to file a timely notice of appeal in a civil case is fatal, and this court lacks jurisdiction over any such appeal. State ex rel. Ormond v. City of Solon, Cuyahoga App. No. 82553, 2003-Ohio-5654, ¶ 13. Accordingly, this court must sua sponte dismiss this appeal for lack of jurisdiction.
 {¶ 7} Appeal dismissed.
 WALSH, P.J. and BRESSLER, J., concur. *Page 1