[Cite as *In re C.B.*, 2014-Ohio-3784.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN THE MATTER OF:            :

            C.B.                     :

                                        :

                                        :

CASE NO. CA2013-12-094

O P I N I O N
9/2/2014

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2012JC04409

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee, Clermont County Children's Services

Nancy Miller, 204A, 2400 Clermont Center Drive, Batavia, Ohio 45103, guardian ad litem

Dever Law Firm, Scott A. Hoberg, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for appellants Debra & Jeffrey Williams

**HENDRICKSON, P.J.**

{¶ 1} Appellants, Jeffery Williams and Debra Williams (Grandparents), appeal from a decision of the Clermont County Court of Common Pleas, Juvenile Division denying Grandparents' motion to modify the custody of C.B. For the reasons stated below, we dismiss this appeal for lack of jurisdiction.

{¶ 2} C.B. is a five-year-old child currently in the custody of Clermont County Department of Job and Family Services. C.B.'s mother and father are incarcerated. In May 2012, C.B. was diagnosed with Stage IV Neuroblastoma, a form of cancer. In July 2012, C.B. was found to be a neglected child and has remained in the custody of Clermont County Department of Job and Family Services in various foster homes and hospitals while being treated for his disease.

{¶ 3} On May 21, 2013, Grandparents moved for legal custody of C.B. A hearing was held before a magistrate regarding Grandparents' motion. On August 20, 2013, the magistrate issued a decision denying Grandparents' motion to modify custody. The magistrate's decision did not have a certificate of service indicating that it was mailed to Grandparents. On August 26, 2013, the trial court adopted the magistrate's decision and entered judgment accordingly. A certificate of service shows that the magistrate's decision and the trial court's adoption of the magistrate's decision were mailed to Grandparents on August 26, 2013.

{¶ 4} Grandparents filed objections to the magistrate's decision on September 11, 2013. A hearing was held regarding the objections and the trial court issued a decision found that Grandparents' objections were untimely. By entry dated October 29, 2013, the court overruled the objections and denied Grandparents' motion to modify custody.

{¶ 5} Grandparents appealed on November 26, 2013, asserting a sole assignment of error:

{¶ 6} IN A CHILD CUSTODY CASE, THE TRIAL COURT ERRED IN FAILING TO REVIEW AND OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AS OUT OF TIME, PROCEDURAL RULES WERE VIOLATED BY THE COURT THAT RESULTED IN THE DENIAL OF GRANDPARENT APPELLANTS' DUE PROCESS RIGHTS.

**{¶ 7}** Grandparents challenge the trial court's decision arguing that it was an abuse of discretion to find their objections to the magistrate's decision untimely and overrule their objections. Specifically, Grandparents argue that because they were not served with a copy of the magistrate's decision until six days after the filing of the magistrate's decision, requiring Grandparents to file within the 14-day time period was unjust and in error.

**{¶ 8}** We must first determine whether this court has jurisdiction to hear the appeal as appellate courts are required to raise jurisdictional questions sua sponte. *Murdock v. Hyde*, 12th Dist. Butler No. CA2007-11-289, 2008-Ohio-4313, ¶ 6. In the absence of a timely appeal pursuant to App. R. 4(A) from a final, appealable order, an appellate court does not have jurisdiction to review the issue. *Id.*, citing *State ex rel. Ormond v. City of Solon*, 8th Dist. Cuyahoga No. 82553, 2003-Ohio-5654, ¶ 13. *See In re L.J.G.*, 11th Dist. Trumbull No. 2012-T-0014, 2012-Ohio-5228, ¶ 9.

**{¶ 9}** In juvenile court, a magistrate's decision must be served on all parties or their attorneys within three days after the decision is filed. Juv.R. 40(D)(3)(a)(iii). Service must be made in accordance with Civ.R. 5(B), which requires, in part, completed proof of service. Juv.R. 20(B). A party must file objections to a magistrate's decision in juvenile court within 14 days after the decision is filed. Juv.R. 40(D)(3)(b)(i). However, "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision." Juv.R. 40(D)(5). "Good cause" includes a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision. *Id.*

**{¶ 10}** In this case, the magistrate's decision was issued on August 20, 2013 but was not served upon the Grandparents within three days in accordance with Juv.R. 40(D)(3)(a)(iii). Instead, on August 26, 2013, the trial court adopted the magistrate's decision and both the magistrate's decision and the trial court's decision were mailed to the

Grandparents that day. Grandparents' objections were not filed with the court until September 11, 2013, past the 14-day period for objecting to a magistrate's decision.

{¶ 11} Juv.R. 40(D)(4)(e)(i) provides that a court "may enter a judgment either during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." If the court enters a judgment during the 14-day magistrate-objection period, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment" until the court issues a final judgment on the matter. *Id.*

{¶ 12} However, if a trial court enters judgment during the 14-day period and a party files untimely objections to a magistrate's decision, there is no such stay of the trial court's order. *In re J.A.M.*, 12th Dist. Butler No. CA2010-04-174, 2011-Ohio-668, ¶ 15. Therefore, a judgment that is entered by a trial court during the 14-day objection period is final if neither party files *timely* objections to the magistrate's decision. *Id.* The trial court's October 29, 2013 entry was void, where, as a result of Grandparents' procedural failures, the trial court's jurisdiction terminated when it entered its August 26, 2013 entry. *Id.* Consequently, the court does not have "jurisdiction to permit objections to the magistrate's decision when the magistrate's decision was adopted and already made a final judgment by the trial court." *Learning Tree Academy, Ltd. v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 17.[1] Instead, a party may only seek relief from the final judgment through a motion notwithstanding the verdict, a motion for a new trial, or a motion for relief from judgment. *Id.* at ¶ 16, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379-380 (1981).

{¶ 13} We recognize that Grandparents acted pro se when they filed their objections

---

1. While *Learning Tree* was applying Civ.R. 53(D), this court has held that Juv.R. 40(D) is analogous to Civ.R. 53(D) and therefore it is appropriate to rely on our case law examining similar provisions of Civ.R. 53(D). *In re W.C.*, 12th Dist. Preble No. CA2012-05-007, 2013-Ohio-153, ¶ 13.

to the magistrate's decision. However, Grandparents were still required to comply with the juvenile rules. "Pro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with them." *In re J.A.M.*, 2011-Ohio-668, ¶ 17, quoting *Bamba v. Derkson*, 12th Dist. Warren No. CA2006-10-125, 2007-Ohio-5192, ¶ 14. A pro se litigant must accept the results of his own mistakes and errors. *Id.*

{¶ 14} The trial court's August 26, 2013 judgment adopting the magistrate's decision was the final judgment of the court because Grandparents did not file timely objections to the magistrate's decision. As a result, Grandparents had 30 days from the August 26, 2013 decision to appeal the decision on its merits. App.R. 4(A) and (B)(2). *See In re J.A.M.*, 2011-Ohio-668 at ¶ 16. Grandparents' notice of appeal filed on November 26, 2013 was untimely and this court is without jurisdiction to consider the appeal.

{¶ 15} Since we lack jurisdiction to address the issues presented, this appeal is hereby dismissed.

PIPER and M. POWELL, JJ., concur.