[Cite as *Losekamp v. Losekamp*, 2014-Ohio-4422.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

TIFFANY A. LOSEKAMP,                          :

    Plaintiff-Appellant,                    :                CASE NO.   CA2013-11-213

                                  :                O P I N I O N
  - vs -                                                                 10/6/2014

                                    :

THOMAS M. LOSEKAMP,                          :

    Defendant-Appellee.                     :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 11-04-0464

The Lampe Law Office, LLC, M. Lynn Lampe, Adam C. Gedling, 1248 Nilles Road, Suite 7, Fairfield, Ohio 45014, for plaintiff-appellant

Lawrence P. Fiehrer, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellee

      **RINGLAND, P.J.**

    **{¶ 1}**   Plaintiff-appellant, Tiffany A. Losekamp (Wife), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, which reversed a magistrate's decision and found Wife in contempt and modified certain parenting provisions of the divorce decree of Wife and defendant-appellee, Thomas M. Losekamp (Husband).

{¶ 2} Husband and Wife were married on October 17, 1998, and two children were born during the marriage. The parties were divorced by decree entered on June 8, 2012. There has been extensive litigation post-decree between the parties. Specifically as related to the instant case, Wife filed three contempt motions against Husband, alleging he failed to comply with the decree by: (1) failing to forward real estate escrow funds due to Wife; (2) failing to renew the minor children's passports; and (3) failing to reimburse Wife for his portion of the minor children's medical expenses. Husband also filed contempt motions against Wife asserting she had denied him parenting time and had violated the "right of first refusal" provision regarding overnight care of the children. In addition, Husband filed a motion to modify parenting time to permit Husband to pick up the children from school at 2:30 p.m. prior to his parenting time on Wednesdays and Fridays. Additionally, Husband filed a motion to modify the parenting provision related to extracurricular activities for the children. Both parties filed motions for attorney fees and costs.

{¶ 3} On June 11, 2013, the magistrate held a hearing on these motions. On July 8, 2013, the magistrate issued its decision recommending Wife's contempt motion related to the children's passports and her request for attorney fees be granted and the remaining motions be denied. In the decision, the magistrate noted that Husband's motion to modify the parenting provision as to extracurricular activities was withdrawn.

{¶ 4} On July 26, 2013, the trial court filed a judgment entry affirming and adopting the magistrate's July 8, 2013 decision. The trial court's decision noted that neither party had filed timely objections to the magistrate's decision. This decision does not contain a certificate of service indicating that it was served on the parties. However, the docket sheet for this case indicates that the clerk of court provided notice to all parties and counsel of the trial court's "final appealable order" filed on July 26, 2013, and that such notice was sent on July 29, 2013.

{¶ 5} On July 30, 2013, Husband filed objections to the magistrate's July 8, 2013 decision. Husband also filed an objection to the reasonableness of attorney fees requested by Wife's counsel. The trial court took the matter under advisement after the parties submitted their memoranda in support of their respective positions. On October 28, 2013, the trial court issued its decision, affirming in part, and reversing in part the magistrate's decision. Specifically, the trial court affirmed and adopted the portion of the magistrate's decision which denied Wife's contempt motion regarding the escrow funds as Husband had purged any contempt. The trial court denied Wife's remaining contempt motions. Moreover, the trial court reversed the magistrate's decision granting Wife attorney fees. Rather, the trial court found that the parties should pay their own attorney fees and equally divide any remaining costs. As to Father's motions, the trial court agreed that Wife could not be held in contempt for violating the "right of first refusal" and affirmed that part of the magistrate's decision. As to the remaining issues, the trial court reversed the magistrate's decision finding Wife was in contempt for her interference with Husband's parenting time, and granted Father's motions to modify parenting time and to modify the parenting provision as to extracurricular activities.

{¶ 6} Wife now appeals the trial court's decision, raising the following five assignments of error for our review:

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING THE MAGISTRATE'S DECISION WHEN AN OBJECTION WAS NOT TIMELY FILED AND THE TRIAL COURT HAD ALREADY ISSUED A FINAL APPEALABLE ORDER ADOPTING THE MAGISTRATE'S DECISION.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING TERMS IN

THE DECREE OF DIVORCE WHEN NO MOTION WAS FILED TO MODIFY THESE TERMS AND APPELLANT WAS NOT AFFORDED DUE PROCESS TO PRESENT EVIDENCE ON THESE MODIFICATIONS.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND APPELLEE IN CONTEMPT FOR FAILING TO RENEW THE PASSPORTS WHEN APPELLEE STIPULATED HE DID NOT RENEW THE PASSPORTS AND DID NOT ATTEMPT TO RENEW THE PASSPORTS BY THE COURT'S DEADLINE.

{¶ 13} Assignment of Error No. 4:

{¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF DENIAL OF PARENTING TIME WHEN APPELLEE FAILED TO PICK UP THE MINOR CHILDREN.

{¶ 15} Assignment of Error No. 5:

{¶ 16} THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE PARENTING TIME ORDERS FOR WEEKEND PARENTING TIME AND ORDERING APPELLANT, THE SOLE LEGAL CUSTODIAN OF THE MINOR CHILDREN, TO NOT SCHEDULE ANY ACTIVITIES DURING MR. LOSEKAMP'S PARENTING TIME UNLESS AGREED BY THE PARTIES.

{¶ 17} Wife, in her first assignment of error, challenges the trial court's October 28, 2013 decision arguing that it did not have the authority to rule on Husband's objections and consequently reverse much of the magistrate's decision. Wife contends that Husband's objections were untimely. In addition, Wife asserts the trial court had already entered a final appealable order on July 26, 2013, adopting the magistrate's decision, and therefore the trial court's October 28, 2013 decision improperly overruled its own final appealable order.

{¶ 18} Pursuant to Civ.R. 53(D)(3)(b)(i), a party may file objections to a magistrate's

- 4 -

decision within 14 days of the filing of the decision, "whether or not the court has adopted the decision during that fourteen-day period." The timely filing of objections to a magistrate's decision operates as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. Civ.R. 53(D)(4)(e)(i).

{¶ 19} In certain circumstances, the civil rules do permit an extension of time to permit a party to file objections outside the 14-day time period. Specifically, under Civ.R. 53(D)(5), "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to * * * file objections to a magistrate's decision." Civ.R. 53(D)(5). Additionally, Civ.R. 6(B)(2) permits a court to extend the time prescribed by the civil rules for performing an act upon a showing of excusable neglect. However, Civ.R. 6(B)(2) "contemplates a request for an extension of time to do an act [be] made *before* the court rules on the matter the act concerns." (Emphasis sic.) *Learning Tree Academy, Ltd. v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 15, quoting *Stamper v. Keatley*, 4th Dist. Lawrence No. 04CA14, 2004-Ohio-5430, ¶ 7. Accordingly, a trial court has the discretion to consider objections filed after the 14-day time limit of Civ.R. 53 (D) *so long as the trial court has not entered a final judgment.* (Emphasis sic.) *Learning Tree* at ¶ 15, fn. 2, citing *Mitchell v. Haynes*, 7th Dist. Mahoning No. 00 CA 117, 2001 WL 1004256 (Aug. 30, 2001) .

{¶ 20} "[A] court does not have 'jurisdiction to permit objections to the magistrate's decision when the magistrate's decision was adopted and already made a final judgment by the trial court.'" *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784, ¶ 12, quoting *Learning Tree* at ¶ 17; *see In re J.A.M.* at ¶ 15 (finding that the trial court's jurisdiction "terminated" once it entered a final judgment in the matter). A party may only seek relief from the final judgment through a motion notwithstanding the verdict under Civ.R. 50(B), a motion for a new trial under Civ.R. 59, or a motion for relief from judgment under Civ.R. 60(B).

*Learning Tree* at ¶ 16, citing *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 379-380 (1981).

**{¶ 21}** In the case at bar, the magistrate's decision was filed on July 8, 2013. Pursuant to Civ.R. 53(D)(3)(b)(i), the 14-day period for either party to object to the magistrate's decision expired on July 22, 2013. The record demonstrates that Husband's objections were not filed until July 30, 2013, and Husband did not request an extension of time to file his objections. Accordingly, on this record, we conclude Husband's objections were untimely.

**{¶ 22}** Husband asserts his objections should be considered timely as he presented his objection to the magistrate's decision to the "case management [office] on July 22, 2013 pursuant to [Loc.R. DR 33 of the Butler County Domestic Relations Court and] * * * [f]or reasons unknown and out of the control of counsel for Defendant/Appellee, the Objection was not filed until July 30, 2013." We find no merit to this argument.

**{¶ 23}** Civ.R.5(E) makes it clear that "[t]he filing of documents with the court, as required by these rules, shall be made by filing them with the clerk of court." As evidenced by the time and date stamp on Husband's objections, the objections were filed with the clerk of court on July 30, 2013. Husband has failed to point to any rule which would permit filing objections with the case management office instead of the clerk of court. Rather, the local rules are explicit: "**Submission to any section of the Case Management Office is not a filing of the legal action.** All Domestic Relations Court filings must be done at the Clerk of Courts Office." (Emphasis sic.) Loc.R. DR 1(F). Moreover, Husband's reliance on Loc.R. DR 33 to assert his objections were timely is misplaced.

**{¶ 24}** Loc.R. DR 33 requires a party filing objections to a magistrate's decision to "obtain a hearing date from the Judicial Case Manager" and that all objections must "contain a notice of the hearing date, time, place of the hearing, the name of the judge assigned to

hear the objection and the basis for the objection." Loc.R. DR 33(A). Essentially, Husband asserts that he could not file his objections in compliance with the local rules until he received the hearing date on July 30, 2013. However, as outlined above, pursuant to Civ.R. 53(D)(5) or Civ.R. 6(B), Husband could have requested an extension of time to file his objections in order to obtain a hearing date and thus comply with both the civil rules and Loc.R. DR 33. Husband failed to request any such extension of time, and his objections were not filed until July 30, 2013. On this record, we can only conclude that Husband's objections were untimely.[1]

{¶ 25} Moreover, without a timely objection to the magistrate's decision, there was no automatic stay of execution of the trial court's judgment, and therefore the trial court's July 26, 2013 judgment adopting the magistrate's decision was the final order of the court. Accordingly, this judgment against Husband remained in full effect and Husband did not seek relief from this final judgment pursuant to Civ.R. 60(B).[2] Despite this fact, the trial court subsequently considered Husband's untimely objections and reversed the magistrate's decision. However, this second judgment entered on October 28, 2013 was void, where as a result of Husband's procedural failures, the trial court's jurisdiction terminated when it entered its July 26, 2013 judgment. *Learning Tree* at ¶ 17; *In re J.A.M.* at ¶ 15; *Murray v. Goldfinger, Inc.*, 2d. Dist. Montgomery No. 19433, 2003-Ohio-459 (noting that once a court enters a final judgment in a case, a second attempt to impose a final judgment would be a nullity). Accordingly, Wife's first assignment of error is well-taken and sustained.

---

1. In support of his argument that the objections were filed timely, Husband requested this court to review the Affidavit of Lawrence P. Fiehrer, Esq. attached to Husband's brief in this case. An appellate court is precluded from considering evidence not before the court below. *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 15. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *Id.*; *State v. Ishmail,* 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Accordingly, we are precluded from considering this affidavit and our decision is limited to what is in the record and made part of the trial proceedings below.

2. As a Civ.R. 60(B) motion was not filed, the merits of such motion are not currently before us.

{¶ 26} As the trial court did not have jurisdiction to enter the October 28, 2013 order, that judgment is void. The trial court is constrained by its own jurisdiction and without some sort of post-judgment motion, it simply did not have jurisdiction to reconsider its own final appealable order. Accordingly, we must reverse and vacate the trial court's October 28, 2013 judgment. As the remaining assignments of error relate to the merits of the trial court's October 28, 2013 order, we find such arguments are rendered moot.

{¶ 27} The trial court's October 28, 2013 order is hereby reversed and vacated.

{¶ 28} Judgment vacated.

S. POWELL and PIPER, JJ., concur.