[Cite as *In re R.L.D.*, 2017-Ohio-1093.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: R.L.D., et al. | : | |
| | | CASE NOS. CA2016-07-132 |
| | : | CA2016-07-133 |
| | : | O P I N I O N |
| | | 3/27/2017 |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2014-0406

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, Butler County Job and Family Services

Nicole Stephenson, 30 North D Street, Hamilton, Ohio 45013, for appellees, A.B. and D.R.

Adolf Olivas, 10 Journal Square, 3rd Floor, Hamilton, Ohio 45011, Guardian Ad Litem

Scott Blauvelt, 315 S. Monument, Hamilton, Ohio 45011, for appellant, R.D.

Mark Raines, 246 High Street, Hamilton, Ohio 45011, for S.R.

**S. POWELL, J.**

{¶ 1} Appellant, R.D., the father of B.D. and R.L.D. ("Father"), appeals from the decision of the Butler County Court of Common Pleas, Juvenile Division, granting his cousin, D.R., and her sister, A.B., legal custody of his two minor children. For the reasons outlined below, this appeal is dismissed.

**{¶ 2}** The children at issue, B.D. and R.L.D., were born on December 20, 2010 and March 1, 2012, respectively. At the time of their birth, both B.D. and R.L.D. tested positive for drugs. Because of their positive drug tests, both children were placed in the temporary custody of the Butler County Job and Family Services ("BCDJFS") until relative placement was established. Custody of the children was subsequently returned to Father in June of 2013 after he provided multiple negative drug screens. Prior to custody being returned to Father, it is undisputed that both D.R. and A.B. had exercised temporary custody over the children.

**{¶ 3}** On October 22, 2014, BCDJFS filed a complaint alleging B.D. was an abused and dependent child. That same day, BCDJFS also filed a complaint alleging R.L.D. was a dependent child. The complaints for both children were based on allegations that Father was selling drugs out of his home and that their mother, S.R. ("Mother"), was again using drugs following her release from prison. The complaint also alleged that the children had witnessed a domestic violence incident between Mother and Father where Father threw an empty wine bottle at Mother, but missed and hit B.D. The complaint further alleged additional domestic violence incidents between Mother and Father, including a report that "a family member has had to get [Father] off of [Mother] as [Father] was biting her ear."

**{¶ 4}** After BDJFS filed its complaints, the juvenile court issued an emergency ex parte order placing B.D. and R.L.D. in the temporary custody of D.R. As noted above, D.R. had previously exercised temporary custody over the children after the children tested positive for drugs at the time of their respective births. Approximately one month later, on November 18, 2014, D.R. and A.B. filed a joint motion for legal custody of the children. A guardian ad litem was then appointed for the children and a case plan was issued.

**{¶ 5}** On July 1, 2015, the juvenile court adjudicated B.D. an abused and dependent

child, while R.L.D. was adjudicated a dependent child. Neither Mother nor Father objected to these adjudications. The matter was then scheduled for a hearing before a juvenile court magistrate on D.R. and A.B.'s motion for legal custody, which concluded on April 18, 2016. One week later, on April 26, 2016, the guardian ad litem filed a report recommending legal custody of the children be awarded to D.R. and A.B. Thereafter, on May 12, 2016, the magistrate issued a decision granting legal custody of the children to D.R. and A.B. That same day, the juvenile court entered a judgment entry affirming and adopting the magistrate's decision. The record indicates that all parties and their respective counsel were timely served with both the magistrate's decision and the juvenile court's judgment entry affirming and adopting that decision.

{¶ 6} Approximately three weeks later, on June 3, 2016, Father filed an untimely objection to the magistrate's May 12, 2016 decision claiming the decision to grant legal custody of the children to D.R. and A.B. was "not consistent with the facts determined in court." Prior to filing this objection, Father did not request leave to file his objection untimely, nor did Father provide any reason to justify the untimely filing of his objection. Nevertheless, on June 9, 2016, the juvenile court issued another judgment entry denying Father's untimely objection to the magistrate's decision that re-affirmed and re-adopted the magistrate's May 12, 2016 decision. In so holding, the juvenile court stated:

> After review of the complete record, the Court finds that the Objection filed on June 3, 2016 to the Magistrate's Decision and Order of May 12, 2016 is not well taken. Said objection shall, therefore, be overruled. The Court further orders that the decision and order of the magistrate as filed on May 12, 2016 shall be adopted as the findings and orders of this court.

{¶ 7} On July 11, 2016, Father filed a notice of appeal from the juvenile court's June 9, 2016 judgment entry, raising two assignments of error challenging the trial court's decision to grant legal custody of the children to D.R. and A.B. In response, D.R. and A.B. filed a

motion to dismiss arguing Father's notice of appeal was not timely filed in accordance with App.R. 4(A). We agree with D.R. and A.B. and conclude that this court is without jurisdiction to consider Father's appeal.

{¶ 8} Pursuant to Juv.R. 40(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of when that decision was filed. However, while a party may file written objections within this 14-day period, Juv.R. 40(D)(4)(e)(i) provides that a juvenile "court may enter a judgment either during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." That rule further provides that if the juvenile court enters its judgment during the 14 days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." On the other hand, as this court has stated previously, if a juvenile court enters its judgment during the 14-day period and a party files *untimely* objections to a magistrate's decision, there is no such stay of the trial court's order. *In re J.A.M.*, 12th Dist. Butler No. CA2010-04-174, 2011-Ohio-668, ¶ 15.

{¶ 9} In this case, the magistrate filed its decision to award legal custody of the children to D.B. and A.R. on May 12, 2016, a decision that was subsequently affirmed and adopted by the juvenile court later that same day. Father, however, although being properly served with both the magistrate's decision and the juvenile court's judgment entry affirming and adopting that decision, did not file his objection to the magistrate's decision until approximately three weeks later on June 3, 2016. Father's objection was clearly untimely and was not supported by any justification for its untimeliness. As a result, the juvenile court's judgment entry issued on May 12, 2016 affirming and adopting the magistrate's

decision rendered earlier that day remained in full effect. Despite this, the juvenile court issued another judgment entry on June 9, 2016, wherein it overruled Father's untimely objection and re-affirmed and re-adopted the magistrate's May 12, 2016 decision.

{¶ 10} When faced with nearly identical facts to the case at bar, this court has concluded that a juvenile court's later decision overruling a party's untimely objections to a magistrate's decision is void since the juvenile court's jurisdiction terminated when it entered its original judgment entry affirming and adopting the magistrate's decision and no timely objections were filed. *See, e.g., In re J.A.M.*, 2011-Ohio-668 at ¶ 14-16; *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784, ¶ 11-14; *see also Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 15; *Losekamp v. Losekamp*, 12th Dist. Butler No. CA2013-11-213, 2014-Ohio-4422, ¶ 25.

{¶ 11} Because Father's objection to the magistrate's decision was untimely filed, the only viable judgment entry that Father could appeal from was the entry filed by the juvenile court on May 12, 2016. As a result, pursuant to App.R. 4(A), Father had 30 days from that date to file his notice of appeal. *In re O.H.W.*, 175 Ohio App.3d 349, 2008-Ohio-627, ¶ 15 (12th Dist.) ("[b]ecause appellant's objections were not timely, appellant had 30 days from the time the trial court judge adopted the decision * * * to appeal the decision of the trial court on the merits"). However, Father did not file his notice of appeal until 60 days later on July 11, 2016, thus rendering that filing untimely.

{¶ 12} In light of the foregoing, because Father did not file a timely notice of appeal, we lack the requisite jurisdiction to consider this appeal. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) ("[w]here a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal"). Accordingly, since we lack jurisdiction to consider

this appeal, D.B. and A.R.'s motion to dismiss is granted and Father's appeal is hereby dismissed.

{¶ 13} Appeal dismissed.

HENDRICKSON, P.J., and RINGLAND, J., concur.