[Cite as *In re J.D.*, 2019-Ohio-2163.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|                     |   |                          |
|---------------------|---|--------------------------|
|                     | : |                          |
| IN RE:              |   |                          |
|                     | : | CASE NO. CA2019-02-032   |
| J.D.                |   |                          |
|                     | : | O P I N I O N            |
|                     |   | 6/3/2019                 |
|                     | : |                          |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2016-0427

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Garrett Law Offices, Dawn S. Garrett, 9435 Waterstone Boulevard, Suite 140, Mason, Ohio 45249, for appellant mother

Jeremy Evans, 306 South Third Street, Hamilton, Ohio 45011, for father

Legal Aid Society of Southwest Ohio, LLC, Tracy A. Washington, 10 Journal Square, Floor 3, Hamilton, Ohio 45011, for child

The Search Law Firm, Lorraine Search, 6 South Second Street, #309, Hamilton, Ohio 45011, guardian ad litem

**PIPER, J.**

{¶ 1} Appellant, the mother of J.D., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, awarding permanent custody of the child to a children services agency.

{¶ 2} Butler County Department of Job and Family Services ("BCDJFS") has a history

with appellant and J.D. dating back to 2012. Most recently, J.D.'s case was transferred to Butler County after the child was adjudicated dependent in Greene County, Ohio. J.D. was initially placed in the custody of appellant, but was eventually removed from appellant's home in March 2017 and placed in the temporary custody of the agency. When appellant failed to make progress on her case plan, the agency moved for permanent custody of the child.

{¶ 3} A hearing was held before a magistrate in September 2018. The magistrate issued a decision on October 16, 2018 granting permanent custody of J.D. to the agency. The trial court adopted the magistrate's decision on the same day it was issued. On November 6, 2018, appellant filed objections, along with a request to file the objections out of time. The trial court issued a decision overruling the objections on January 14, 2019, and appellant appealed the decision on February 12, 2019.

{¶ 4} Appellant now raises one assignment of error challenging the trial court's decision to grant permanent custody, arguing the trial court's best interest determination is not supported by clear and convincing evidence and is against the manifest weight of the evidence. After addressing appellant's arguments on appeal, the state argues that the appeal should be dismissed because this court is without jurisdiction to hear the appeal. We begin by addressing this latter issue.

{¶ 5} The juvenile rules require written objections to a magistrate's decision to be filed within 14 days of the filing of the magistrate's decision. Juv.R. 40(D)(3)(b)(i). The rules further provide that a court may enter a judgment either during the 14 days permitted for the filing of objections or after the 14 days have expired. Juv.R. 40(D)(4)(e)(1).

{¶ 6} A trial court does not have jurisdiction to consider untimely objections if the court has already adopted the magistrate's decision. *In re R.L.D.*, 12th Dist. Butler Nos. CA2016-07-132 and CA2016-07-133, 2017-Ohio-1093, ¶ 10; *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784; *In re J.A.M.*, 12th Dist. Butler No. 2010-07-174, 2-11-

Ohio-668, ¶ 15. Instead, the juvenile court's jurisdiction terminates when it has adopted a magistrate's decision and no timely objections have been filed. *R.L.D.* at ¶ 10.

{¶ 7} Accordingly, once a magistrate's order has been adopted, a juvenile court's later decision overruling a party's untimely objections is void. *Id.* Moreover, if a trial court adopts a magistrate's decision and no timely objections have been filed, the trial court's decision adopting the magistrate's decision is a final appealable order. *In re C.B.* at ¶ 12; *In re R.LD.* at ¶ 11; *In re J.A.M.* at ¶ 16.

{¶ 8} In this case, the trial court adopted the magistrate's decision the same day it was filed. Fourteen days passed, and no timely objections were filed, so the decision became a final, appealable order. The trial court did not have jurisdiction to hear the untimely filed objections, and the decision overruling the objections was void.[1] Therefore, the only viable, final judgment entry in this case was filed on October 16, 2018 when the trial court adopted the magistrate's decision. Appellant's February 12, 2019 notice of appeal was therefore untimely.

{¶ 9} It should be noted that Juv.R. 40(D)(5) allows a court to allow a reasonable extension of time for a party to file objections to a magistrate's decision. However, if 14 days have passed, a request for an extension of time must be filed before the court adopts the decision. Once the two elements are met, the court loses jurisdiction and cannot consider a request for untimely objections. *See Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 6-7*; Losekamp v. Losekamp*, 12th Dist. Butler No. CA2013-11-213, 2014-Ohio-4422, ¶ 19-20 (both addressing Civ.R. 6[B], which has substantially the same language as Juv.R. 40[D][5]).

---

1. In fact, a review of the transcript reveals that the trial court stated at the objection hearing that "although I may no longer even have jurisdiction to [address the objections], I'd like to go ahead at this place [and overrule the objections]."

{¶ 10} This court has previously dismissed appeals from juvenile courts on the exact scenario presented by this case – when an appeal is taken from the trial court's consideration of untimely objections to a magistrate's decision that the court has already adopted. See *In re C.B.*; *In re R.LD.*; and *In re J.A.M.* Accordingly, in the same manner, we find that we do not have jurisdiction and this case must be dismissed.

{¶ 11} As this court has noted in previous cases, appellant may still have procedural options available in order to provide review of the magistrate's decision. Specifically, this court has stated that an appellant faced with this procedural scenario may have other options to attack the magistrate's decision by filing a Civ.R. 60(B) motion, a motion for judgment notwithstanding the verdict, or a motion for a new trial. *In re C.B.* at ¶ 12; *In re J.A.M.* at fn. 2.

{¶ 12} Because we lack jurisdiction to address the issues presented, this appeal is hereby dismissed.

S. POWELL, P.J., and M. POWELL, J., concur.