[Cite as *In re S.S.*, 2021-Ohio-2148.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| S.S., et al. | : | CASE NO. CA2021-03-003 |
| | : | O P I N I O N<br>6/28/2021 |
| | : | |
| | : | |
| | : | |

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 20183182, 20183183, 20203014

Zachary A. Corbin, Brown County Prosecuting Attorney, Courtney A. Worley, 740 Mt. Orab Pike, Suite 1, Georgetown, Ohio 45121, for appellee

Dever Law Firm, Scott A. Hoberg, 9146 Cincinnati, Columbus Road, West Chester, Ohio 45069, for appellant

**HENDRICKSON, J.**

{¶1} Appellant, the biological mother of S.S., A.H., and M.R., appeals from a decision of the Brown County Court of Common Pleas, Juvenile Division, granting permanent custody of her children to appellee, the Brown County Department of Job and Family Services ("BCDJFS" or "the Agency"). For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

## I. FACTS & PROCEDURAL HISTORY

{¶2} Mother has eight biological children. The present appeal involves three of Mother's children: her son S.S. (born November 1, 2016) and her daughters A.H. (born December 12, 2017) and M.R. (born January 21, 2020).[1]

### A. The Agency's Involvement with S.S. and A.H.

{¶3} At the beginning of December 2018, Mother gave birth to C.S., who testified positive for methamphetamine. Due to C.S. testing positive for methamphetamine and Mother's ongoing substance abuse issues, on December 5, 2018, the Agency filed a complaint with the juvenile court requesting temporary custody of S.S., A.H., and C.S. on the grounds that the children were abused, dependent, and neglected.[2] A shelter care hearing was held that same day, and the court placed S.S., A.H., and C.S. in the Agency's temporary custody. The court also appointed a guardian ad litem for the children. S.S. and A.H. were placed in a foster home and C.S. was placed in the care of relatives.

{¶4} An adjudication hearing was held on March 25, 2019. Following a stipulation by the parties, the children were adjudicated abused, neglected, and dependent. Legal custody of C.S. was subsequently awarded to C.S.'s relatives on June 20, 2019. S.S. and A.H. remained in the temporary custody of the Agency.

{¶5} A case plan for Mother's reunification with the children was filed with and adopted by the court. The case plan required Mother to complete case management, obtain safe and stable housing, obtain stable employment and income, complete parenting education classes, complete mental health and drug and alcohol assessments and follow

---

1. S.S., A.H., and M.R. have different biological fathers. The children's fathers did not participate in any case plan services, did not appear at the permanent custody hearing, and are not parties to the present appeal.

2. The Agency filed an amended complaint alleging S.S., A.H., and C.S. were abused, dependent, and neglected children on February 20, 2019.

through with any treatment recommendations, and participate in random toxicology screens. Mother was granted supervised visitation with S.S. and A.H. on a weekly basis.

{¶6} From December 2018 through the end of July 2019, Mother failed to comply with case plan services. Mother continued to use drugs and would not participate in random or scheduled drug screens. Agency attempts to have Mother complete inpatient drug treatment in Cincinnati, Ohio failed as Mother would not stay at the treatment facility.

{¶7} In August 2019, upon discovering that she was pregnant with M.R., Mother checked herself into inpatient treatment at Stepping Stones in Portsmouth, Ohio. Mother remained at this treatment facility until the end of February 2020, when she moved to Columbus, Ohio.

{¶8} On December 2, 2019, the juvenile court extended the Agency's temporary custody of S.S. and A.H. On June 10, 2020, the Agency filed a motion for permanent custody of S.S. and A.H., citing Mother's limited progress in meeting the goals of her case plan, her failure to remedy the problems that initially caused the children to be placed outside the home, and the children's need for legally secure permanent placement. On June 15, 2020, while the Agency's permanent custody motion remained pending, the juvenile court granted a second extension of the Agency's temporary custody of S.S. and A.H.

**B. The Agency's Involvement with M.R.**

{¶9} M.R. was born on January 21, 2020, while Mother was engaged in services at Stepping Stones. On January 23, 2020, the Agency filed a complaint with the juvenile court alleging M.R. was an abused, dependent, and neglected child.[3] A shelter care hearing was held that same day, and M.R. was placed in the Agency's temporary custody. M.R.

---

3. The Agency filed an amended complaint alleging M.R. was an abused, dependent, and neglected child on March 18, 2020.

was added to Mother's already-existing case plan, and Mother was granted supervised visitation with M.R. on a weekly basis.

{¶10} An adjudication hearing was held on June 15, 2020. Following a stipulation by the parties, M.R. was adjudicated a dependent child and the abuse and neglect allegations were dismissed. M.R. remained in the Agency's temporary custody.

{¶11} Less than a month later, on July 6, 2020, the Agency filed a motion for permanent custody of M.R. In its motion, the Agency noted Mother's ongoing case with the Agency, which had been active since December 2018, her failure to make progress on the case plan, her failure to remedy the problems that initially caused M.R. to be placed outside the home, and M.R.'s need for legally secure permanent placement.

## C. Permanent Custody Hearing

{¶12} On August 3, 2020, the guardian ad litem filed a report with the juvenile court recommending that permanent custody of S.S., A.H., and M.R. be granted to the Agency. A hearing on the Agency's motions for permanent custody was then held before a magistrate on August 10, 2020. At the hearing, the magistrate heard testimony from the children's caseworker, the guardian ad litem, and from Mother.

{¶13} On October 8, 2020, the magistrate issued a decision granting the Agency permanent custody of S.S., A.H., and M.R. The juvenile court adopted the magistrate's decision on the same day it was issued. Nineteen days later, on October 27, 2020, Mother sought leave to file objections out of time. The juvenile court granted leave and Mother's objections were subsequently filed. On February 18, 2021, the juvenile court overruled Mother's objections and adopted the magistrate's decision in its entirety.

{¶14} Mother appealed, raising two assignments of error.

## II. ANALYSIS

{¶15} Assignment of Error No. 1:

{¶16} IN A CHILD CUSTODY CASE, THE TRIAL COURT ERRED IN ITS DECISION AND ORDER GRANTING PERMANENT CUSTODY OF THE CHILDREN TO THE AGENCY DESPITE THE MANIFEST WEIGHT OF THE EVIDENCE THAT IT WAS NOT IN THE BEST INTEREST OF THE CHILDREN.

{¶17} Assignment of Error No. 2:

{¶18} IN A CHILD CUSTODY CASE, THE TRIAL COURT ERRED IN FINDING THAT THE YOUNGEST CHILD SHOULD HAVE BEEN PERMANENTLY COMMITTED TO THE AGENCY BY BASING ITS DECISION ON FACTS NOT PRESENTED AS EVIDENCE IN THE PERMANENT CUSTODY TRIAL.

{¶19} Before we can address the merits of Mother's assignments of errors, we must first determine whether this court has jurisdiction to hear the appeal. As we have previously recognized, "[i]n the absence of a timely appeal pursuant to App.R. 4(A) from a final, appealable order, an appellate court does not have jurisdiction to review the issue." *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784, ¶ 8

{¶20} The juvenile rules require written objections to a magistrate's decision to be filed within 14 days of the filing of the magistrate's decision. Juv.R. 40(D)(3)(b)(i). The rules further provide that a court may enter a judgment either during the 14 days permitted for the filing of objections or after the 14 days have expired. Juv.R. 40(D)(4)(e)(i). "If the court enters a judgment during the fourteen days permitted * * * for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." *Id.* However, if a juvenile court enters its judgment during the 14-day period and a party files untimely objections to a magistrate's decision, there is no such stay of the juvenile court's order. *In re J.A.M.,* 12th Dist. Butler No. CA2010-07-174, 2011-Ohio-668, ¶ 15

{¶21} "A trial court does not have jurisdiction to consider untimely objections if the court has already adopted the magistrate's decision." *In re J.D.*, 12th Dist. Butler No. CA2019-02-032, 2019-Ohio-2163, ¶ 6. *See also In re C.B.* at ¶ 12; *In re J.A.M.* at ¶ 15; *In re R.L.D.*, 12th Dist. Butler Nos. CA2016-07-132 and CA2016-07-133, 2017-Ohio-1093, ¶ 10. "Instead, the juvenile court's jurisdiction terminates when it has adopted a magistrate's decision and no timely objections have been filed." *In re J.D.* at ¶ 6, citing *In re R.L.D.* at ¶ 10. As a result, a juvenile court's later decision overruling a party's untimely objections to a previously adopted magistrate's decision is void. *Id.* at ¶ 7. Accordingly, "if a trial court adopts a magistrate's decision and no timely objections have been filed, the trial court's decision adopting the magistrate's decision is a final, appealable order." *Id.*, citing *In re C.B.* at ¶ 12, *In re R.L.D.* at ¶ 11, and *In re J.A.M.* at ¶ 16.

{¶22} Juv.R. 40(D)(5) does provide that a juvenile court "[f]or good cause shown," may allow a reasonable extension of time for a party to file objections to a magistrate decision. However, if 14 days have passed since the magistrate's issuance of its decision, "a request for an extension of time must be filed before the court adopts the decision." *In re J.D.* at ¶ 9. Once the court has adopted the magistrate's decision and 14 days have passed, "the court loses jurisdiction and cannot consider a request for untimely objections." *Id. See also Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 6-7; *Losekamp v. Losekamp*, 12th Dist. Butler No. CA2013-11-213, 2014-Ohio-4422, ¶ 19-20 (both cases addressing Civ.R. 53[D][5], which has identical language to Juv.R. 40[D][5]).

{¶23} The record reflects that the juvenile court adopted the magistrate's decision the same day it was filed – October 8, 2020. Fourteen days passed and no timely objections or request for an extension of time to file objections was filed. As a result, the magistrate's decision adopted by the juvenile court became a final appealable order. The juvenile court did not have jurisdiction to hear the untimely filed objections and the juvenile court's decision

overruling the objections was void. *See In re J.D.* at ¶ 8. Therefore, the only viable, final judgment entry in this case was filed on October 8, 2020, when the juvenile court adopted the magistrate's decision. Pursuant to App.R. 4(A), Mother had 30 days from that date to file her notice of appeal. *In re R.L.D.* at ¶ 11. As Mother did not file her appeal until March 4, 2021, nearly five months later, her appeal is untimely and cannot be considered by this court. *See State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) (noting that "[w]here a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider the issues that should have been raised in the appeal").[4]

## III. CONCLUSION

{¶24} As Mother did not timely appeal from the juvenile court's October 8, 2020 entry adopting the magistrate's decision, we lack the requisite jurisdiction to address Mother's assignments of error. Mother's appeal is hereby dismissed.

{¶25} Appeal dismissed.

M. POWELL, P.J., and BYRNE, J., concur.

---

4. We note that Mother may still have procedural options available to her in order to obtain review of the magistrate's decision. As this court has previously recognized, an appellant faced with the same procedural scenario as Mother "may have other options to attack the magistrate's decision by filing a Civ.R. 60(B) motion, a motion for judgment notwithstanding the verdict, or a motion for new trial." *In re J.D.* at ¶ 11, citing *In re C.B.* at ¶ 12 and *In re J.A.M.* at ¶ 16, fn. 2.